**Michael F. LEGGIO et al., Appellants,**

**v.**

**BRADLEY LAND AND DEVELOPMENT COMPANY, Appellee.**

**No. 4009.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

Ginther, Erwin, Dillard & Caldwell, G. Ernest Caldwell, Houston, for appellants.

Otto A. Yelton, Jr., Sam L. Sterrett, Jr., Houston, for appellee.

COLLINGS, Justice.

Bradley Land and Development Company, a corporation brought suit against Michael F. Leggio, John Musachia, Jr. and Albert Daniel, for the possession of a house belonging to plaintiff, alleged to have been placed, through a good faith mistake, upon a lot owned by Leggio subsequently sold to Musachia. In the alternative, plaintiff sought to recover damages for unjust enrichment in an amount equal to the increased value of defendant's lot upon which the house had been placed. Security National Life Insurance Company intervened and asserted a lien against the house and lot. The case was tried before the court without a jury and judgment was rendered that plaintiff take nothing against Albert Daniel, the house mover, but that plaintiff have judgment, jointly and severally, against Leggio and Musachia for

$1388.00, the value of the improvement to defendant's lot, with 6% interest per annum, and that plaintiff have a lien against the house and lot securing the payment of such judgment, subject to the lien of Security National Life Insurance Company. The defendants Leggio and Musachia have appealed.

Appellants urge that the court erred in granting appellee, Bradley Land and Development Company judgment for the value of such improvements to their lot because, appellants contend, in effect, that (1) there was no showing that appellee was laboring under a mistaken belief as to the the ownership of the lot held in good faith without negligence; (2) that the evidence conclusively shows that appellee was guilty of negligence as a matter of law; (3) that the implied finding of fact that appellee was without negligence is not supported by evidence, and (4) is against the great weight and preponderance of the evidence.

The record shows that in 1960, appellee, Bradley Land and Development Company, purchased a house and lot in the City of Houston from a Mr. and Mrs. Hoyt. The evidence further indicates that appellee's president, Mr. Harry E. Bradley, in 1961 told Tessel B. Harrison, a colored employee of appellee that if he, Harrison, would buy a lot that appellee would finance such purchase and would have the house appellee purchased from the Hoyts moved from the lot on which it was situated to the lot purchased by Harrison; that appellee would see that some improvements were made to the house and obtain financing for the whole transaction. Bradley instructed Jesse Lopez, another of appellee's employees, to handle the details of moving the house.

Tessel Harrison did purchase a lot, being lot 10, block 14 of the Flower City Addition, a subdivision of Harris County, and the lot was paid for by appellee. Jesse Lopez, in compliance with appellee's instructions, made arrangements with Albert Daniel, a house mover, to move the house and since he did not know where the lot was, told Harrison to show Mr. Daniel the lot and how the house should be located thereon. Harrison took Mr. Daniel to the neighborhood where his lot was located but by mistake staked out and pointed out as his property Lot # 11, Block 14, which was next to Harrison's lot but which belonged to appellant, Leggio. Based upon Harrison's instructions Mr. Daniel obtained moving permits, moved and placed the house on Leggio's lot. The charge for moving the house was paid by Houston Aviation Products Corporation, a corporation connected with appellee. After the house was moved Tessel Harrison had the plumbing, sewage and gas connected and appellee paid the expense. Harrison also did some work on the house, including repair of the roof.

Harrison remained in appellee's employment for only two or three months after the house was moved and then on October 16, 1961, deeded his lot # 10 to appellee. He was not called as a witness because he could not be found. Appellee's employee, Lopez, made several trips to the premises after the house was moved but appellee did not discover that the house was on Leggio's lot # 11, instead of Lot 10, which had been bought by Harrison, until appellant Musachia started rather extensive repair work on the house.

Lots Nos. 10 and 11 adjoin each other, are the same size, are similar in appearance and are located at about the center of Block # 14. Lopez testified that to mistake one of these lots for the other would be normal. Harrison obviously believed that he owned the lot upon which he had the house placed, and his action in so placing the house was in good faith. Leggio testified that after he discovered the house on his lot he made diligent efforts to locate the owner but was unable to do so. He stated that his efforts to locate the owner of the house included an inquiry to the house mover, Mr. Daniel, but Daniel denied that such an

inquiry was made of him. In 1962, Leggio sold his lot 11 upon which the house was mistakenly placed to Musachia. Musachia knew at the time he purchased lot 11 that the house had been placed thereon by mistake, and also knew that Leggio had not been able to locate the owner. Financing arrangements for this transaction were made through a loan company and the note and deed of trust made in connection therewith were, eventually, assigned to the intervenor Security National Life Insurance Company.

■ A person who, acting in good faith under a mistaken belief and without negligence, constructs or places improvements on land which belongs to another has the right to remove such improvements. Salazar v. Garcia, Tex.Civ.App., 232 S.W.2d 685, (Writ Ref.). No findings of fact were filed by the trial court and it must be presumed in support of the judgment that every fact supported by the evidence was found in favor of appellee. Western Management Corporation v. High Crest Realty Company, Tex.Civ.App., 331 S.W.2d 365. It is properly conceded by appellants that it was impliedly found by the court in support of the judgment that the house was in good faith by mistake placed upon Leggio's lot and that appellee was not guilty of negligence. Appellants contend, however, that such implied findings have no support in the evidence and and that the evidence conclusively shows negligence on the part of appellant.

We cannot agree with appellants' contention. In the first place appellee did not place the house in question upon Leggio's lot. Appellee furnished the financing for its employee Harrison to purchase Lot # 10. The purchase of the lot was by Harrison and it is undisputed that the lot belonged to him. Appellee furnished the house in question to Harrison with the understanding that Harrison was to place it on his lot # 10 and that appellee would finance the entire transaction. Harrison, through mistake and obviously in good

faith had the house placed on Leggio's lot # 11, which adjoined his lot # 10. The two lots were in the same block, adjoined each other and were of the same size and similar in appearance. There is nothing to show and certainly nothing to show conclusively that Harrison although mistaken was not acting in good faith. Appellee's employee, Lopez, made arrangements with the house mover to move the house, but Harrison, who owned Lot # 10, was the one who directed the moving to the location where the house was placed. Lopez did not know the location of Harrison's lot, and the fact that he told and permitted Harrison to show Daniel where to place the house does not conclusively show negligence on the part of Lopez or his employer appellee. In our opinion there was ample evidence supporting the implied finding that appellee was not guilty of negligence in connection with the placing of the house on appellant's lot. An examination of the record as a whole does not reveal that such finding is against the great weight and preponderance of the evidence.

Appellants' points are overruled.

The judgment is affirmed.