## J. H. SHEFFIELD v. W. H. GOFF ET ALS.

(Case No. 2089.)

1. ART. 2688, REVISED STATUTES, CONSTRUED—COUNTY COURTS—JURISDICTION TO DETERMINE WHAT PROPERTY IS IN THE OFFICIAL CUSTODY OF A GUARDIAN—The authority conferred upon county courts by Article 2688, Revised Statutes, to order a guardian, when his final account has been approved, to turn over the property in his hands to those entitled to receive it, necessarily embraces the jurisdiction to determine what property in his custody is held by him in his official capacity.

2. ESTOPPEL—JUDGMENTS—A party is bound by the judgments, but not by the logic, of courts. He is not forced to complain of a decree that satisfies him, merely because he knows that it has resulted from premises not involved, not proved, or not true.

3. SAME—COUNTY COURTS—GUARDIANS—JUDGMENT, WHEN NOT AN ESTOPPEL—See this case where it is held that the judgment of the county court, restating the final account of a guardian, does not estop the guardian from asserting, in a subsequent proceeding against him by his wards, that property in his custody is not a part of the trust estate.

APPEAL from Brazos. Tried below before the Hon. William E. Collard.

The two hundred and sixty-eight acres of land in controversy formerly belonged to the estate of William H., Sarah E., John and

Joseph Goff, minors.   In January, 1881, the appellant, J. H. Shef-
field, as guardian of that estate, applied to the county court for leave
to sell the land, at private sale, for the support and maintenance of
his wards.   The court granted an order to that effect, and, in the fol-
lowing March, the land was sold by the guardian to one J. C. Roberts
for the sum of $400 cash.   On the 22d of the same month, the sale
was confirmed by the court, and the guardian executed to the pur-
chaser a deed for the property.   On May 22, 1881, Roberts sold the
same land to Sheffield, the guardian, for $500, and the latter imme-
diately took possession of the same, and has ever since held and
claimed it as his own property.

It appears that $300 of this amount belonged to the minors.   The
sale by the guardian to Roberts was made in good faith, and there
was no agreement or understanding between them, that Roberts was
to reconvey the land to Sheffield, the defendant.   At the August
term, 1884, of the county court, Sheffield filed his final account as
guardian of the estate of the Goffs, in which he charged himself,
amongst other items, with the proceeds realized from the sale of the
land to Roberts.   The account is as follows:

To proceeds sale of 268 acres land..........................$400  00
To 18 head cattle..........................................  86  00
To 21 head hogs ...........................................  21  00
To 1 gun ..................................................   8  00
To rents, per exhibit, 1881................................  52  00
To rent for 1879 ..........................................  12  00
        Total receipts ....................................$579  00


To disbursements:—
Paid on land notes ........................................$175  31
Improvements and tax on land prior to sale................ 155  42
Board, clothing and tuition of wards...................... 256  00
Funeral expenses of A. Goff...............................   6  00
Gathering cattle and hogs .................................  23  00
Court cost and attorney's fee .............................  48  66
        Total .............................................$664  39
Deduct amount receipts ....................................  579  00
        Balance due guardian ..............................  $85  39


The minors' excepted to several items charged against them in
this account, claimed that they were entitled to certain credits that

had not been given them, prayed that the account might at once be restated and the guardian directed to pay to them the amount that would, thereupon, be found to be due them; but their exceptions make no mention of the item of $400, proceeds of the sale of the land to Roberts, with which the guardian charged himself in the account. The court heard the exceptions, and, omitting the item of $400, with which the guardian had charged himself, and making several other changes, restated the account as follows:

| | |
|---|---:|
| Rents for land, '79-'80-'81-'82-'83 and '84 | $224 00 |
| 18 head of cattle | 180 00 |
| 30 head of hogs | 30 00 |
| 1 gun | 8 00 |
| Household and kitchen furniture | 30 00 |
|   Total | $472 00 |

Court finds for guardian:—

| | |
|---|---:|
| Building house | $ 65 00 |
| Digging well, $19.20; crib, $10.00; house, $8.00 | 37 20 |
| Making and putting up rails | 44 00 |
| Taxes '77-'78 and '79 | 6 82 |
| Funeral expense | 6 00 |
| Gathering cattle, $18.00; hogs, $5.00 | 23 00 |
| Taxes '81, $2.40; paid Hardy and Barmore, $29.66 | 32 06 |
| Paid Mayo and Buckholts | 16 00 |
| Paid Barmore and Derden | 3 00 |
| Building house, $100; crib and smoke-house, $15.00 | 115 00 |
| Fencing, $10.00; house furniture to Sarah, $10.00 | 20 00 |
| Board for John and M. Goff | 100 00 |
|   Total | $468 08 |
|   Balance due heirs | $3 92 |

The guardian gave notice of appeal, but no appeal was perfected.

In November, 1884, two of the wards, W. H. Goff and Sarah Crownover, having in the meantime attained majority, filed their petition in the county court, against their guardian, J. H. Sheffield, praying that the two hundred and sixty-eight acres of land be partitioned and their half be delivered to them. On February 5, 1885, J. H. Sheffield filed his answer to the application, in which he questioned, by both demurrer and plea, the jurisdiction of the court to try the case, as it involved title to land, he claiming the same as his own. He also pleaded, specially, the court's order of sale and the

sale of the land, in pursuance thereof, by him to Roberts, the confirmation by the court of that sale, and the subsequent conveyance by Roberts to him in good faith, and claimed the title to the same.

Plaintiffs replied by demurrer and general denial, and also by special plea, that the defendant was estopped to claim the land as against them, by reason of the proceedings and orders of the court in the settlement of his final account.

Defendant rejoined by demurrer, general denial, and the plea of *nul tiel record.*

The county court rendered a decree requiring the defendant to deliver one-half of the land to the plaintiffs. From that decree the defendants prosecuted an appeal to the district court. The case was tried *de novo* in the latter court, on March 9, 1885, and that court likewise decreed one-half of the land to plaintiffs. From the judgment of the district court, the defendant prosecutes this appeal.

*J. A. Buckholts* and *Henderson & Butler*, for appellant, that the county court was without jurisdiction to grant the relief sought, cited: R. S., arts. 2694, 2695, 2696 ; Bradley *v.* Love, 60 Tex. 473   On the question of Estoppel, they cited: R. S., arts. 2582, 2685, 2690, 2694, 2696 ; Dunham *v.* Chatham, 21 Tex. 239; Teal *v.* Sevier, 26 Tex. 516 ; Carroll *v.* Carroll, 20 Tex. 731 ; Caruth *v.* Grigsby, 57 Tex. 259; Bradley *v.* Love, 60 Tex. 473 ; Bloom *v.* Burdick, 1 Hill, 130; Freeman on Judg. 257, 258, 264, 274, 610.

*J. D. Thomas,* for appellees, on the question of jurisdiction, cited: Const., art. 5, sec. 16; R. S., 2688, 2694.   On the question of Estoppel, he cited: R. S., 2551; Portis *v.* Cummings, 21 Tex. 265; Smythe *v.* Lumpkin, 62 Tex. 244; Bigelow on Estop. 57 ; Herman on Estop. 83.

ROBERTSON, ASSOCIATE JUSTICE.—Art. 2688 of the Revised Statutes authorizes the county court, when the final account of a guardian has been approved, to order him to turn over to those entitled to receive it the property in his hands. This authority necessarily embraces the jurisdiction to determine what property is in his official custody.

The only other question in the case is, whether the guardian is estopped from asserting that the land in controversy is not part of the trust estate by the judgment of the county court restating the final account. In the proceeding which resulted in the judgment pleaded, there was no issue before the court respecting the ownership of the land, or the validity of the orders by which the estate

had been divested of its title, and the judgment does not, in terms, adjudicate any such issue. But, it is contended that the judgment can be sustained only upon the hypothesis that the land formed part of the estate. There is no doubt but that the court, in restating the account, proceeded upon the *argument* or theory that the estate had become reinvested with title to the land, but the title was not involved, tried or decided. All evidence respecting the title would have been irrelevant and impertinent to any issue before the court. A party is bound by the judgment, but not the logic, of courts. He is not forced to complain of a decree that satisfies him, because he knows that it has resulted from promises not involved, not proved or not true.

It is said that the court necessarily decided that the land belonged to the estate in order to state the account as contained in the judgment—otherwise the guardian is charged with the rents of his own land, and credited with the value of improvements erected upon it. This is quite paradoxical, but scarcely more so than that the court escaped the boundaries and utmost scope of the case before it, and determined, on illegitimate evidence, or no evidence, an issue so foreign as was the title to this land. The judgment rendered does not, in terms, or by necessary implication, affirm that the land belongs to the estate, and, hence, is not an estoppel, no matter what the court actually considered. Freeman on Judg., sec. 258.

It is also claimed that the guardian is estopped by his acceptance of the judgment rendered more favorable to him by the misconception of the court. The idea seems to be, that he was put to his election to surrender the land or certain credits, and that the judgment made the election for him, and that he has ratified that election by not appealing from the judgment. He was compelled to no such alternative. If he owed his wards, they had no right to say to him, pay this debt or surrender this property.

The land passed from the estate by a valid sale, and has not been restored to it at all. The county and the district courts ought to have so held and rendered judgment against the appellees. If this had been done, they would, doubtless, have long since reviewed the final account of the guardian, as restated by the court, and corrected its manifest errors. If, then, the guardian's bond should fail as security for the demands, they could charge the land in the guardian's hands with any of their money used in its purchase, in a proper proceeding, and on proper proof. They were not entitled, summarily, to take the land instead of the debt. The judgment is reversed, and here rendered that appellees recover nothing by their suit, and that

appellant go hence without day and recover all costs of the county, the district and the supreme courts.

Reversed and Rendered.

[Opinion delivered January 26, 1886.]