

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. L. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion No. O-4423
Re: County Treasurer's commissions

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Article 6674q-8c makes it unlawful 'to use any money out of the Lateral Road Account for any purpose except the purposes enumerated in this Act.'

"No provision is made in the Act to pay any commission to the county treasurer for receiving and paying out the moneys of the Lateral Road Account, but it is my opinion the county treasurer should be allowed the same commission as is allowed by the Commissioners' Court for receiving and paying out other county funds as provided for in Articles 1709 and 3941, Vernon's Texas Statutes.

"I wish to be advised:-

"Should the county treasurer be allowed a commission on the moneys received and paid out of the Lateral Road Account, the same as is allowed by the Commissioners' Court for other county funds?"

Articles 1709, 3941, 3942 and 3943, Vernon's Annotated Texas Civil Statutes, read as follows:

"Art. 1709. The county treasurer shall receive all moneys belonging to the county from whatever source they may be derived, and pay and apply the same as required by law, in such manner as the commissioners court of his county may require and direct.

"Art. 3941. The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office.

"Art. 3942. The treasurers of the several counties shall be treasurers of the available public free school fund and also of the permanent county school fund for their respective counties. The treasurers of the several counties shall be allowed for receiving and disbursing the school funds one-half of one per cent for receiving, and one-half of one per cent for disbursing, said commissions to be paid out of the available school fund of the county; provided, no commissions shall be paid for receiving the balance transmitted to him by his predecessor, or for turning over the balance in his hands to his successor; and provided, that he shall receive no commissions on money transferred.

"Art. 3943. The commissions allowed to any County Treasurer shall not exceed Two Thousand Dollars ($2,000) annually; provided, that in all counties in which the assessed value of the property of such counties shall be One Hundred Million Dollars ($100,000,000) or more as shown by the preceding assessment roll, the Treasurers thereof shall receive as their commissions a sum not exceeding Two Thousand, Seven Hundred Dollars ($2,700) annually; . . . ."

Article 6674q-8c, Vernon's Annotated Texas Civil Statutes, reads as follows:

> "It shall be unlawful for any County Judge or any County Commissioner, while acting in his official capacity or otherwise, to use any money out of the Lateral Road Account for any purpose except the purposes enumerated in this Act. If any County Judge or any County Commissioner shall knowingly expend or use, or vote for the use or agree to expend or use any sum of money accruing to any county in this State from the Lateral Road Account, for any purpose not authorized by this Act or shall knowingly make any false statement concerning the expenditure of any such money, he shall be deemed guilty of a felony and upon conviction shall be punished by confinement in the State penitentiary for not less than two (2) nor more than five (5) years."

Opinion No. O-1058 of this department held that the County Treasurer of a fee county was entitled to receive commissions for receiving and disbursing monies received from the Federal Government and on monies realized from the sale of county bonds issued for the purpose of constructing a county jail. We quote from said opinion as follows:

> "The money she (referring to the County Treasurer) has received from the Federal Government, was evidently a direct gift or grant to the county for the purpose of defraying a part of the expense incurred by the county in building a jail. If so, it became county funds and for receiving and paying it out, she is entitled to receive the commission fixed in the court's order. The money received from the sale of the jail bonds are likewise county funds for which she is entitled to receive the stated commission for receiving and disbursing them. Presidio County v. Walker, (Sup. Ct.) 69 S. W. 97; Wall v. McConnell, 65 Tex. 397; Trinity County v. Vickery, 65 Tex. 554; Bastrop County v. Hearn, 70 Tex. 563, 8 S. W. 302."

It is true that the act referred to in Article 6674q-8c, V. A. C. S., supra, does not specifically in so many words authorize commissions to the County Treasurer for receiving and disbursing funds and the strict letter of such statute would apparently prohibit the Treasurer in a fee county from receiving commissions for receiving and disbursing such funds. However, there is a well known rule of statutory construction which we deem applicable to this situation. In the case of Welch v. State, 148 S. W. (2d) 876 (writ refused), this rule of statutory construction was applied. In the Welch case the plaintiffs sued the State for the tort of the State's agent for the wrongful death of plaintiffs' daughter, a minor; plaintiffs contended that the term "municipal corporation" in the wrongful death statute (Article 4671) included the State and that therefore the State was liable. We quote from the court's opinion as follows:

> "While in a latitudinous sense the State may be found within the letter of the phrase 'municipal corporation.' Yet, as generally used in law literature and legislation, we do not think such is true; especially, in view of the clearly indicated constitutional meaning of the phrase, we do not think it is true with reference to legislation in this State. A pertinent rule of statutory construction is found in 59 C. J. p. 964, § 573, as follows: 'In pursuance of the general object in giving effect to the intention of the legislature, the courts are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter thereof, it being generally recognized that whatever is within the spirit of the statute although it is not within the letter thereof, while that which is within the letter, although not within the spirit, is not within the statute. Effect will be given the real intention even though contrary to the letter of the law." (Underscoring ours)

We think the situation here is somewhat analogous to the right of the Treasurer to receive commissions on monies received and disbursed from bond issues. The courts have

held repeatedly that such bond monies must be faithfully applied to the purposes for which they were voted and raised, yet it has been uniformly conceded and held as pointed out in opinion No. O-1058, supra, that the County Treasurer in a fee county is entitled to his statutory commissions on same. The paying out of the Treasurer's commissions is not an unlawful diversion of the funds of the bond money but is merely a statutory charge against said fund to compensate the Treasurer for handling same.

It is our opinion that while the purpose of Article 6674q-8c, V. A. C. S., supra, is to prevent unlawful diversions from the Lateral Fund Account for purposes not authorized by the act such article does not contemplate the denial and prohibition of the statutory commissions of the County Treasurer in a fee county for receiving and disbursing such funds.

It is therefore our opinion that your question should be answered in the affirmative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED FEB 4, 1942

Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO

