**C. J. HUMPHREY, Independent Executor of the Estate of J. W. Dougherty, Deceased, and Vera Dougherty Bidwell, Appellants,**

v.

**S. W. DOUGHERTY et al., Appellees.**

No. 7724.

Court of Civil Appeals of Texas.

Amarillo.

June 19, 1967.

Rehearing Denied Sept. 11, 1967.

Sanders, Scott, Saunders, Brian & Humphrey, Robert H. Smith of Counsel, Amarillo, for appellants.

J. E. Thompson, S. R. Lenning, Jr., and David E. Holt, Pampa, for appellees.

NORTHCUTT, Justice.

This is a suit in the nature of a declaratory judgment action. J. W. Dougherty and his first wife, Callie Dougherty, had six children; namely, S. W. Dougherty, Leola Dougherty Williams, Basil Dougherty, Callie Lee Dougherty Mann, Nellie May Woods and Vera Dougherty Bidwell. Nellie May Woods died leaving three children; namely, Booth Woods, Alvis Woods and Dorothy Woods Dyer. The first four above named children together with Booth Woods, Alvis Woods and Dorothy Woods Dyer, as plaintiffs, hereinafter called appellees, brought this action against C. J. Humphrey, individually and as independent executor of the estate of J. W. Dougherty, deceased, James Bidwell, Nona Cousins Dougherty, surviving wife of J. W. Dougherty, and Vera Dougherty Bidwell, as defendants, seeking a declaratory judgment declaring the rights of the parties under the joint will of J. W. Dougherty and Callie Dougherty executed August 17, 1939. On or about February 15, 1942, Callie Dougherty died

and the joint will of J. W. Dougherty and Callie Dougherty was duly probated.

On August 2, 1948, after said will was probated, J. W. Dougherty executed a warranty deed to all of his six children above mentioned covering the west half of Section 98, Block 23, H. & G. N. RR Company Survey, Wheeler County, Texas, and being the real estate here involved. Thereafter J. W. Dougherty brought suit in Cause No. 4577 in the District Court of Wheeler County, Texas, as against the grantees in said deed for the recision and cancellation of said deed and for title and possession of the described land and that J. W. Dougherty be placed in status quo in the manner and to the extent as if no deed had ever been executed. The children answered resisting the cancellation of said deed and also filed their cross-action seeking title and possession of said real estate alleging that J. W. Dougherty unlawfully entered upon and dispossessed them of such premises and withheld from them the title and possession of said property. J. W. Dougherty filed his answer thereto and pleaded not guilty. Judgment was entered in Cause No. 4577 on November 16, 1956, cancelling the deed and decreeing that the children take nothing by virtue of their claim for title and possession of the real estate here involved and decreed that the title and possession of such real estate was vested in J. W. Dougherty as against the claims of all of said children. No appeal was taken from that judgment and it became final.

On March 24, 1966, J. W. Dougherty made another will disposing of both the real estate and personal property as will hereinafter be shown. James Bidwell and C. J. Humphrey, individually, disclaim any interest in any of the matters here involved and were dismissed and will not be considered herein any further. C. J. Humphrey as executor of the estate of J. W. Dougherty, deceased, and Vera Bidwell will hereafter be referred to as appellants. Nona Cousins Dougherty, the surviving wife of J. W. Dougherty, did not and does not make any claim to any of the title of the real estate here involved.

It was the contention of the plaintiffs in this suit that after the death of J. W. Dougherty that S. W. Dougherty, Leola Dougherty Williams, Basil Dougherty, Vera Dougherty Bidwell, Callie Lee Dougherty Mann and the three surviving children of Nellie May Woods were entitled to recover the real estate under the terms of the joint will of J. W. Dougherty and wife, Callie Dougherty. The plaintiffs also contested the rights of Nona Cousins Dougherty to recover the personal property under the will of J. W. Dougherty.

C. J. Humphrey, executor of the estate of J. W. Dougherty, deceased, Nona Cousins Dougherty and Vera Dougherty Bidwell answered herein contending that by virtue of the judgment entered in Cause No. 4577 in the trespass to try title suit that J. W. Dougherty recovered all right, title and interest as well as full possession of the real estate here involved and in effect that all rights of the parties herein are to be determined under the last will of J. W. Dougherty, deceased. It was the contention of appellees that the judgment entered in Cause No. 4577 only had the effect of setting aside the deed there in question and would have no effect on their rights to recover under the joint will of J. W. Dougherty and Callie Dougherty since they had no title but only a remaining interest after the death of J. W. Dougherty. In the original pleadings of J. W. Dougherty in Cause No. 4577 he sought to cancel the deed because of some action of his children and to be placed in the same position he was in before executing the deed. Consequently, if the deed had only been cancelled as pleaded, all parties would have been left as they were so far as the will of Callie Dougherty was concerned. The defendants pleaded in the alternative that Vera Bidwell be granted $\frac{7}{12}$ of the real estate and each of the other four children of J. W. Dougherty and Callie Dougherty be granted $\frac{1}{12}$ each and each of the children of Nellie May Woods be granted a $\frac{1}{36}$. The

real question then to be here determined is the effect of the trespass to try title suit and the effect of the two wills.

Judgment was rendered in this cause sustaining plaintiffs' motion for summary judgment that the surface of the west half of Section 98, Block 23, H. & G. N. RR Co. Survey, Wheeler County, Texas, and all of the minerals under the southwest quarter of said Section 98 were vested ⅙ in S. W. Dougherty; ⅙ in Leola Dougherty Williams; ⅙ in Basil Dougherty; ⅙ in Callie Lee Dougherty Mann; ⅙ in Booth Woods; ⅟₁₈ in Vera Dougherty Bidwell; ⅟₁₈ in Alvis Woods; and ⅟₁₈ in Dorothy Woods Dyer, subject to all outstanding and valid oil and gas leases on said southwest quarter and further subject to the homestead rights of Nona Cousins Dougherty. The judgment further decreed that all oil, gas and other minerals in or under the northwest quarter of said section were owned as follows: an undivided ⅓ in Nona Cousins Dougherty for life with remainder in fee simple to James Bidwell; an undivided ⅓ in Nellie May Woods or her heirs and an undivided ⅓ in Vera Dougherty Bidwell subject to any valid oil and gas leases thereon. It was further adjudged that all personal property of J. W. Dougherty was vested in Nona Cousins Dougherty and that the plaintiffs have no interest therein. The judgment further ordered that all relief requested by C. J. Humphrey as executor under the will of J. W. Dougherty, Nona Cousins Dougherty and Vera Dougherty Bidwell which were not granted were expressly denied and that all requests in plaintiffs' motion for summary judgment not granted were denied and plaintiffs' motion in opposition to defendants' motion for summary judgment was overruled as same pertains to the personal property of J. W. Dougherty at the time of his death. All parties excepted partially to the judgment of the trial court and gave notice of appeal, appellees contesting the judgment in giving the personal property to Nona Cousins Dougherty and appellants contesting the judgment as to the real property.

We will first consider appellants' contention that the judgment entered in Cause 4577 did away with all the rights the appellees might have had under the terms of the joint will made by J. W. Dougherty and Callie Dougherty. The only portion of the joint will made by J. W. Dougherty and Callie Dougherty having any bearing herein is as follows:

"It is our will and desire that the survivor of us, J. W. Dougherty or Callie Dougherty, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal, or mixed, which either or both of us may own, to be used, occupied, enjoyed, conveyed and expended by and during the life of such survivor, as such survivor shall desire, and that upon the death of such survivor any of such estate then remaining shall be divided equally among the persons following: Mrs. Nellie May Woods, Mrs. Vera Bidwell, Mrs. Leola Williams, Miss Callie Lee Dougherty, Sam Dougherty and Basil Dougherty.

"It is our further will and desire that should any of the above named children predecease the final survivor of this our last will and testament, then and in that event the portion or interest of such deceased child or children shall pass to and vest in the heirs of the body of such deceased child of children. In the event such deceased child or children has no blood heirs, then such portion of their interest shall be divided equally among the surviving children enumerated in paragraph II above. Provided, however, if Mrs. Vera Bidwell should die before final settlement and division of the estate is completed, then and in that event Basil Dougherty is hereby designated and appointed as trustee to care for and manage the interest of the children of Mrs. Vera Bidwell until said children, shall have become twenty-one (21) years of age.

"It is our further will and desire that in the event Callie Dougherty prede-

ceases J. W. Dougherty, said J. W. Dougherty is hereby and herewith fully vested with all the right, title and interest belonging to the said Callie Dougherty which she can legally convey in the entire estate. Should however, J. W. Dougherty predecease his wife, Callie Dougherty, then and in that event Basil Dougherty is hereby named as co-executor of said estate, to have, hold and exercise equal power and authority as executor together with the surviving spouse, Callie Dougherty as co-executrix, from neither of whom bond shall be required."

It is true J. W. Dougherty in his pleadings in Cause No. 4577 merely asked that the deed to his children be cancelled and that he be placed in status quo in the manner as to the same extent as if no deed had ever been executed. If only that relief had been granted all the parties would have been left as they were prior to the execution of the deed. Appellees were not satisfied with having the deed set aside and brought this action to recover full title and possession of the real estate and brought in issue the title and possession of the property by the trespass to try title action. It is stated in Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564 (1937) as follows:

"Had the pleadings in this case confined the parties to the issue of locating a boundary, we possibly might face a different case. The cause of action which was asserted against the defendant by the plaintiff in the trespass to try title suit of Monroe v. Hickox, pleaded in general form, was the claim to the title and possession of the land described. The defendant's plea of not guilty admitted his possession and put in issue the plaintiff's cause of action. The plaintiff failed and the defendant prevailed. In such an instance both the title and the possession of defendant was established as between the parties by the judgment. In this state a petition limited to the statutory form of trespass to try title always puts in issue both title and possession. Any one of a number of facts may determine the issue, but the cause of action remains the same. If the plaintiff seeks to limit the issue to one of such facts, he must do so by special pleading in appropriate form. By so doing he may limit the case to the portion of his land involved in the boundary dispute, or possession, or to some other incident of title."

See also the same case at 73 S.W.2d 490 by the Supreme Court where it is stated:

"The doctrine has been thoroughly settled by repeated decisions of the courts of this state, that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant. French v. Olive, 67 Tex. 400, 3 S.W. 568, 569; Wilson v. Swasey, (Tex.Sup.) 20 S.W. 48; Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427, 428; Houston Oil Co. v. Village Mills Co. (Tex.Com.App.) 241 S.W. 122; Stark v. Hardy (Tex.Com. App.) 29 S.W.2d 967; Dunn v. Land (Tex.Civ.App.) 193 S.W. 704; McAllen v. Crafts (Tex.Civ.App.) 139 S.W. 44; Drummond v. Lewis (Tex.Civ.App.) 157 S.W. 266, 268; Bomar v. Runge (Tex. Civ.App.) 225 S.W. 287; Taylor v. W. C. Belcher Loan & Mortgage Co. (Tex.Civ. App.) 265 S.W. 403."

See also Knight v. Chicago Corporation, 144 Tex. 98, 188 S.W.2d 564 (1945). In Trigg v. Whittenburg, 129 S.W.2d 472 (Tex.Civ.App.-Amarillo, 1939, writ ref'd) it is stated:

"In the case of Freeman v. McAninch et al., 87 Tex. 132, 27 S.W. 97, 98, 47 Am.St.Rep. 79, wherein certain defendants in a former judgment sought in a new suit to avoid the effect of that judgment in a situation similar to the one presented in the instant case, Judge Stay-

ton, speaking for the Supreme Court of Texas, said: 'Where it appears from the record of a court having jurisdiction over the parties and subject-matter that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties, when the same issue is again presented; and in such cases extrinsic evidence cannot be received to contradict the record, by showing that an issue necessarily involved in the cause was not presented and decided.'

"In the same case Judge Stayton quotes with approval the following language from the case of Foster v. Wells, 4 Tex. 101, 104: ' "That the judgment or decree of a court possessing competent jurisdiction shall be final as to the matters determined, cannot be controverted. The principle, however, extends further. It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." ' "

It is stated in Chandler v. City of Corpus Christi, 272 S.W.2d 646 (Tex.Civ.App.-San Antonio, 1954, writ ref'd, n. r. e.) as follows:

"While the comparison of a lawsuit to a game or contest may be inappropriate in most instances, it is nevertheless true that the plaintiff in a suit involving land or interests in land may, in many instances, determine the stakes for which he will play. If he wishes to place the title to the lands itself in its entirety at issue, he may plead accordingly, but if he does not desire to do so, he may limit the scope and extent of the litigation by appropriate pleading. Having elected a battle upon the broader front by selecting the general statutory pleading, the scope and effect of the resulting unfavorable judgment may not be restricted to the exact legal points considered or discussed by the trial or appellate court in arriving at its ultimate decision. Under the doctrine of res judicata the judgment controls, rather than the reasons given for the judgment, or, as expressed by Judge Robertson in Sheffield v. Goff, 65 Tex. 354, 'A party is bound by the judgment, but not the logic, of courts.' "

Article 7391, Vernon's Ann.Tex.Civ.St., provides: "Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action."

■ We are of the opinion, and so hold, that when J. W. Dougherty brought this action to cancel the deed he had made, and to leave him in status quo as before the deed was made, when the deed was cancelled, appellees would have been in the same position under the will of J. W. Dougherty and Callie Dougherty as if no suit had been filed. When appellees put in issue title and possession of the real estate, and judgment was rendered that they take nothing by virtue of their claim for title and possession and the title and possession was vested in J. W. Dougherty as against the claims of all the plaintiffs, that that was a final judgment vesting full title and possession in J. W. Dougherty and is binding upon the appellees herein. Therefore, the full title and possession was vested in J. W. Dougherty and the rights to the property here involved is to be determined solely by the terms of the last will executed by J. W. Dougherty.

However, should we be wrong in holding that the sole title and possession of the real estate was vested in J. W. Dougherty by virtue of the judgment in Cause No. 4577, we are of the opinion, and so hold, that under the joint will of J. W. Dougherty and Callie Dougherty that J. W. Dougherty was vested with full title and possession of the property here involved. In the third

paragraph of said will copied above it is provided:

"It is our further will and desire that in the event Callie Dougherty predeceases J. W. Dougherty, said J. W. Dougherty is hereby and herewith fully vested with all the right, title and interest belonging to the said Callie Dougherty which she can legally convey in the entire estate. Should however, J. W. Dougherty predecease his wife, Callie Dougherty, then and in that event Basil Dougherty is hereby named as co-executor of said estate, to have, hold and exercise equal power and authority as executor together with the surviving spouse, Callie Dougherty as co-executrix, from neither of whom bond shall be required."

It is to be noticed here that in case Callie Dougherty predeceased J. W. Dougherty, which she did, no executor was appointed because none was necessary as all of the property was given outright to J. W. Dougherty and he could handle as he saw fit but as to J. W. Dougherty predeceasing his wife, then Basil was appointed as joint executor to assist his mother. As a further reason we construe the joint will of Mr. and Mrs. Dougherty as vesting absolute title in J. W. Dougherty is because there is an irreconcilable conflict between the first and third paragraphs above set out in the will and copied herein and the latter paragraph will prevail over the first paragraph as being the latest impression of the testator's attempt. Martin v. Dial, 57 S.W.2d 75, 89 A.L.R. 571 (Tex. Com.App.,1933); Stanley v. Henderson, 139 Tex. 160, 162 S.W.2d 95 (1942); Blocker v. Davis, 241 S.W.2d 698 (Tex.Civ. App.-Fort Worth, 1951, writ ref'd, n. r. e.).

In construing the will of J. W. Dougherty we think his intention as to how he wanted the estate divided is clear. He had in mind the fact that the real estate in question was acquired by him and the mother of his children and he wanted their children to have all of their mother's ½ interest in the estate that she had prior to her death.

Consequently, he gave to Vera Bidwell, S. W. Dougherty, Leola Williams, Basil Dougherty, Callie Lee Mann and to the three children of Nellie Woods, deceased, their mother's interest in ½ of the west half of Section 98, Block 23, H. & G. N. RR Co. Survey, Wheeler County, Texas. He also willed to Vera Bidwell the other ½ of the west ½ of Section 98 and thereby intended that she should have his ½ of the real estate as originally owned before the mother's death and ⅙ of her mother's ½. He willed all personal property to his surviving wife, Nona Cousins Dougherty.

Under this record we are of the opinion, and so hold, that at the time of the death of J. W. Dougherty he owned all of the west half of Section 98 here involved as well as all of his personal property and could dispose of the same as he saw fit. In trying to explain why he made the difference as to the amounts given as between his children he provided as follows:

"As to the property and estate which I am disposing of under this Will, I state that my present wife, Nona Dougherty, has helped to finance my farming operations and has made an excellent wife and given me every care and attention, and, likewise, my daughter, Vera Bidwell, has been faithful in her love and support, and it is for these reasons that I have left my property to my said wife and my beloved daughter."

That portion of the trial court's judgment granting all of the personal property to Nona Cousins Dougherty is hereby affirmed. That portion of the trial court's judgment granting as follows: " * * * the surface of the West Half of Section 98, Block 23, H&GN RR Co. Survey, Wheeler County, Texas, and all of the minerals under the Southwest Quarter of said Section 98 are vested one-sixth in S. W. Dougherty, one-sixth in Leola Dougherty Williams, one-sixth in Basil Dougherty, one-sixth in Callie Lee Dougherty Mann, a one-sixth in Vera Dougherty Bidwell, a one-eighteenth in Booth Woods, a one-eight-

eenth in Alvis Woods, and a one-eighteenth in Dorothy Woods Dyer, subject to all outstanding and valid oil and gas leases on said Southwest Quarter and further subject to the homestead rights of Nona Cousins Dougherty," is hereby reversed and judgment here rendered, subject to any valid oil and gas lease thereon, that all of the surface of the west half of Section 98, Block 23, H. & G. N. RR Co. Survey, Wheeler County, Texas, and all of the oil, gas and other minerals in and under the Southwest one-fourth of Section 98, Block 23, H. & G. N. RR Co. Survey, Wheeler County, Texas, subject to any homestead rights of Nona Cousins Dougherty, be and the same is hereby vested $^{21}\!/_{36}$ in Vera Bidwell, $^{3}\!/_{36}$ in S. W. Dougherty, $^{3}\!/_{36}$ in Leola Dougherty Williams, $^{3}\!/_{36}$ in Basil Dougherty, $^{3}\!/_{36}$ in Callie Lee Dougherty Mann, $^{1}\!/_{36}$ in Booth Woods, $^{1}\!/_{36}$ in Alvis Woods and $^{1}\!/_{36}$ in Dorothy Woods Dyer.

Affirmed in part and reversed and rendered in part.