## T. H. SCANLAN v. A. H. HITCHLER ET AL.

Decided December 2, 1898.

1. **Trespass to Try Title—Burden of Proof.**

Plaintiff in trespass to try title is not relieved from the burden of proof by the fact that in a former suit between him and defendant the latter was adjudged to be without title to the strip of land now in controversy, if it was not therein adjudged to plaintiff, since he must recover on the strength of his own title and not on the weakness of the adversary title.

2. **Estoppel—Disclaimer of Title.**

Plaintiff in an action of trespass to try title is estopped to claim the land in controversy where he filed a disclaimer of title to it in a former suit which was never withdrawn.

3. **Disclaimer—Effect and Withdrawal of.**

A disclaimer of title is in effect an admission that the adverse party has the right to the property, and it is not withdrawn by being omitted from a subsequent amended answer, since the consent of the court is necessary to its withdrawal.

APPEAL from Harris. Tried below before Hon. W. H. WILSON.

*E. P. Hamblen,* for appellant.

*J. M. Coleman* and *W. G. Love,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—In 1894, in a suit pending in the District Court of Harris County, wherein the appellee Hitchler and his wife were plaintiffs, and the appellant and others were defendants, and wherein the plaintiffs sued in trespass to recover of the defendants 158 acres of land, situate in that subdivision of the Luke Moore league of land known as lot No. 11, issue was joined between the said plaintiffs Hitchler and wife and the defendant Scanlan (all of the defendants hav-

ing answered and filed separate answers to the suit), the defendant, by plea in reconvention, asserting title to fifty-eight acres of the land, describing the same by metes and bounds, and also pleading, in bar of the action, limitation of three, five, and ten years, and upon trial of the cause the jury returned a verdict for the defendant, both upon his claim of title and his plea of limitation, and judgment was rendered that the plaintiffs recover nothing by their suit, and that the defendant recover upon his plea of reconvention the fifty-eight acres of land described therein, and all costs of suit. That judgment upon appeal was affirmed, and is in full force and effect, and Scanlan is, so far as disclosed by this record, in undisputed possession of the said fifty-eight acres of land.

In that suit the defendant claimed his land to be located south of the northern boundary of lot 11. He now claims that the true location of · the said fifty-eight acres, to which he had and held title at the time of the trial and judgment in the former suit, is in the northwest corner of said lot 11, and that it is bounded on the north by the northern boundary of lot 11; and he brings this suit to recover the land lying between the northern boundary of the land adjudged to Scanlan in said former suit, and the northern boundary of lot 11, containing fifteen acres more or less. Hitchler and wife answered the plaintiff's petition by general demurrer and pleas of not guilty and of statute of limitation; the defendants Menard and Moore pleaded not guilty, and that they were innocent purchasers, and one of them pleaded tenancy in good faith for more than twelve months before the institution of plaintiff's suit, with permanent and valuable improvements upon the premises. Both of these defendants purchased from Hitchler and wife pending the former suit between the latter and Scanlan; but before either purchased Scanlan had filed a disclaimer to all of the land sued for by Hitchler and wife, save and except the fifty-eight acres set out in his plea of reconvention; this disclaimer was never retracted or formally withdrawn by Scanlan, but in his amended answer no disclaimer is made; and these defendants in addition to their other defenses pleaded estoppel against the plaintiff. In both suits S. M. Frost is common source of title. In both suits Scanlan proved title to fifty-eight acres of land situate in lot 11.

While Scanlan held a regular chain of title from the State to fifty-eight acres of land in lot 11 of the Luke Moore league, the question in the case was the identity of the land conveyed to him. The land in controversy in this suit is, as contended by appellant, doubtless a part of the tract formerly owned and occupied by R. C. Ingraham, and upon the trial in the former suit this tract, by the testimony of the appellant, was identified and its northern boundary fixed several hundred varas south of the line which appellant now claims to be its northern boundary. The evidence adduced upon the trial of this cause is, in substance, that since the trial of the former suit, where judgment was rendered for him, as aforesaid, appellant has had his memory refreshed, and he now remembers that the inclosure of the old Ingraham place extended to the northern boundary of lot No. 11; and since said trial two sketches or plats of

the lots embraced in subdivision lot 11 have been discovered, which appellant thinks fix definitely the boundary of the fifty-eight acres conveyed to him by Ingraham. The first of these sketches was found by the counsel of Mrs. Sellers, a defendant in the former suit, and who also deraigned title under S. M. Frost, among the papers of his client, and which purports, as the witnesses for the appellant testify, to describe the lots conveyed to different vendees of Frost in subdivision 11 of the Luke Moore league, but by whom it was made, or for whom, or for what purpose, or when made, does not appear from the instrument. Counsel for Mrs. Sellers, who found the sketch, knew nothing of its origin or how it came into the papers of his client. Counsel for appellant testified that when the sketch was exhibited to him by Mrs. Sellers' counsel, just after the trial in the former suit, he had before him the deed of conveyance from Frost to Ingraham, and that by comparing the signature to that deed with the writing upon the sketch, the witness thought the handwriting upon the sketch was Frost's; this was the only testimony adduced tending to identify the writing upon the sketch as the writing of Frost. The sketch was not in evidence, it could not be found, and was last traced to the custody of the former counsel of defendants Hitchler and wife.

An old map was found among the papers of one George Bringhurst, now deceased, by his son, Thomas Bringhurst, after the trial in the former suit between appellant and appellees Hitchler and wife. George Bringhurst was in 1841 the surveyor of Harris County. His son Thomas testified to finding in the old papers of his father a map showing the subdivision of lot No. 11 of the Luke Moore league, and that he showed same to W. C. Oliver, counsel for appellant, and to J. N. Ruby, a witness for appellant. This map, witness testified, after diligent search he was unable to find, and same was lost, and was therefore not before the court. It purported to be a map of subdivision 11, showing the number and position of each lot sold by Frost to each of his vendees. J. N. Ruby, an abstractor of land titles, produced upon the trial a map which he testified corresponded with the sketch found in Mrs. Sellers' papers, and the old map found by Thomas Bringhurst among his father's papers,—a map prepared by the witness himself,—and which witness testified showed the land in controversy to be where plaintiff claimed it to be, in the northwest corner of lot 11 of the Moore survey; he could not testify as to the authenticity or correctness of the sketch or the old map, but if authentic and correct, as he thought and believed they were, by them the lots sold by Frost in subdivision 11 could be each identified.

It was also shown for plaintiff that, upon the discovery of the old sketch by Mrs. Sellers' counsel, he secured an agreement with Hitchler and wife before the trial of the former cause, by which they conceded to Mrs. Sellers the land claimed by her in that suit upon the condition that the sketch should not be put in evidence or exhibited to Scanlan or the other defendants in the suit. This agreement was secured, as both Hitchler and counsel for Mrs. Sellers testified, before the sketch was shown to Hitchler or his counsel, though the fact that the paper had been found

by counsel and was in his possession was made known to Hitchler and his counsel. Hitchler and counsel for Mrs. Sellers in their testimony seem to attach but little value to this sketch as evidence of the location of the land in controversy, or of any of the lots conveyed by Frost in subdivision 11. Thomas Bringhurst could not testify that the map found in his father's papers was made by him, or for what purpose it was made or by whose authority; it seems from the evidence that this map, like the Sellers' sketch, was without date. The deed from Ingraham to Scanlan for the fifty-eight acres of land in the Moore league describes the tract as being parts of lots 11, 12, and 14, and as beginning in the northeast corner of lot 11, and after giving boundaries by field notes, the vendor declares that twenty-five acres of the fifty-eight acres conveyed by him was purchased from E. A. Palmer, and refers to Palmer's deed to him by reference to its record, and this deed describes the twenty-five acres "as lots numbered 57, 58, 59, 60, 61, 62, 63, 64, 65, and 66 in the Luke Moore tract, lying in Harris County, about one-half mile below the city of Houston, including the place known as the old Ingraham tract." All that remains of the improvements placed upon this land by Ingraham are an old cistern, old ditches, and hedgerows. The cause was tried by the court without the intervention of a jury, and judgment was rendered for the defendants.

The first assignment of error is to the effect that the court erred in refusing to render judgment for the plaintiff, because the evidence showed that the plaintiff had a record title from the sovereignty of the soil down to himself for the land sued for, and defendants were trespassers without any claim or title to said land. From the evidence, this court is unable to say that the court erred in refusing judgment to the plaintiff for the land sued for. It was clearly incumbent upon the plaintiff by competent evidence to make it reasonably certain that the land sued for was a part of the fifty-eight acres acquired by him through the mesne conveyances in evidence from S. M. Frost. And from this burden plaintiff was not relieved, if it be true, as contended by counsel under the second assignment of error, that in the former suit between appellant and Hitchler and wife, the court adjudged the plaintiffs to be without title to any of the land sued for by them, including that in controversy in this suit. Whether such be the effect of that judgment or not, the court certainly did not adjudge the land now sued for to appellant; and hence he must recover upon the strength of his title. We are therefore of the opinion that this assignment is not well taken. But whether the court would or would not have been authorized to conclude from the evidence that the land in controversy was a part of the fifty-eight acres acquired by appellant from Frost, our conclusion is that the judgment was properly rendered for the appellees, because the appellant is precluded by his pleading in the former suit, and by his disclaimer filed therein, from claiming the land in controversy under the title pleaded by him in said suit. A disclaimer is a solemn declaration made in court that the declarant has not title to either the whole or to a portion of the property in litigation; and it is in effect

an admission that the adverse party has a right to the property, and when once made, we understand a disclaimer can not be retracted or withdrawn except upon permission of the court.

As we have seen, there was a disclaimer made in the former suit by appellant as to all of the land therein sued for save that described in his plea of reconvention, and that disclaimer was never withdrawn or retracted. Vide Herring v. Swain, 84 Texas, 523; Dodge v. Richardson, 70 Texas, 209; Rev. Stats., art. 4805. The decision in the case of Refugio v. Byrne, 25 Texas, cited by counsel in his argument in reply to appellee, is not in conflict with the view of the law here expressed by us. That case is distinguishable from this, in this: in that case the petition alleged that the defendants claimed title to the land sued for under a pretended title supposed to be vested in the town of Refugio. The defendants pleaded the statute of limitations of three years, and set forth in their plea, as title or color of title from the sovereignty of the soil, the title from the government to the town of Refugio, and disclaimed as to all other lands claimed by the plaintiff than that embraced in said title; and they also pleaded not guilty; and our Supreme Court held that the defendants were not under their disclaimer precluded from giving evidence under their plea of not guilty, and relying on their outstanding title; because, as the court said, the defendants did not plead specially the title of the town as constituting in itself the defense relied on in their special plea, but as title or color of title, to support the plea of the statute of limitations. Such, as we conceive, was not the case as to appellant in his suit with Hitchler and wife. In his plea in reconvention he did specially plead his title derived from Frost by purchase, as constituting in itself a defense to plaintiff's claim to so much of the land so purchased by appellant, and set out in his plea of reconvention.

What we have said renders it unnecessary, we think, to notice the other assignments. The judgment is affirmed.

*Affirmed.*