**SALAZAR et al. v. GARCIA et al.**

No. 12099.

Court of Civil Appeals of Texas. San Antonio.

July 19, 1950.

Rehearing Denied Aug. 30, 1950.

Spann & Spann, San Antonio, for appellants.

· Buck & Harris, Fort Worth, Carlos Cadena, E. G. Bradley, San Antonio, for appellees.

BROETER, Justice.

The appellants, Concepcion N. Salazar et al. filed this. suit in the 73rd District Court of Bexar County, Texas, against Guadalupe Garcia and Louis A. Hartung (whose wife, Anna Hartung, thereafter became a party defendant) all of whom are appellees. The appellants, as plaintiffs below, prayed that they be declared to be the rightful owners of Lots 32 and 33, City Block No. 2640, in San Antonio, Texas, and that the appellees be restrained and enjoined from trespassing upon said lots or removing the improvements therefrom. A temporary restraining order was granted restraining defendants from removing the improvements and ·a hearing was set for January 28, 1949, on plaintiffs' application for temporary injunction. On January

22d defendants filed a motion praying that the restraining order be dissolved and an answer in which they alleged that the improvements on plaintiffs' lots were placed thereon by defendants under mistaken belief and in good faith that such lots were theirs and that they feared plaintiffs would move into said improvements and deprive defendants of the right to remove same to their lots which adjoin said Lots 32 and 33, and prayed that plaintiffs be enjoined from moving into or taking possession of the improvements placed on plaintiffs' land during pendency of this suit. A hearing was had on January 28, 1949, and a temporary injunction granted plaintiffs perpetuating the restraining order and enjoining defendants from interfering with the possession of said property and from removing the same pending trial of the suit on its merits. Thereafter, on February 14, 1949, the defendant Guadalupe Garcia filed an answer containing a plea of not guilty and a general denial and specially answering that the improvements located on plaintiffs' lots were placed thereon by her in good faith, believing she owned the lots; that she had paid and obligated herself to pay $3,969.50 for said improvements and by virtue of the same the lots had been enhanced in value in the sum of $3,969.50; that said improvements could be removed without damage to plaintiffs' property, but plaintiffs refuse to permit their removal and do not offer to pay the enhancement in value; that the improvements, consisting of a four-room house, were innocently placed on plaintiffs' lots by defendant at her own cost and expense; that since she discovered her mistake she had negotiated with plaintiffs for permission to remove same to two adjoining lots owned by her; that she had offered and does offer to buy plaintiffs' lots at their present reasonable market value; that her lots were of identical size and of equal value, and that she had offered and does offer to exchange lots with plaintiffs, and that she had offered and does offer to enter into any reasonable adjustment whereby plaintiffs would not sustain any injury to their lots, but plaintiffs refused and had not offered and do not offer to do equity, wherefore she prayed that plaintiffs take nothing and for any legal or equi-table relief that she may be entitled to by virtue of such facts.

Louis A. Hartung and Mrs. Anna Hartung joined by her husband, Louis A. Hartung, filed separate answers containing a general demurrer and general denial and a prayer for general relief; and also a trial amendment adopting the pleadings filed by defendant Quadalupe Garcia and alleging they owned a valid first and prior lien to the extent of $2,800.00 and interest, which stands against the improvements in controversy and Lots 30 and 31, and such lien should be impressed on Lots 32 and 33, unless removal of the improvements be permitted or ordered by the court; and in the alternative they alleged subrogation to the claims of defendant Guadalupe Garcia to the extent of $2,800.00.

The trial was had before the court without the intervention of a jury and a judgment entered in which the court made specific findings of fact and ordered the temporary injunction theretofore granted plaintiffs dissolved; denied the relief prayed for by plaintiffs; and permanently enjoined plaintiffs from harming, damaging or laying waste the improvements on Lots 32 and 33; ordering plaintiffs to vacate the same within thirty days, and granting defendants the right to remove the improvements within ninety days, fixing a lien thereon, allowing subrogation, and granting defendants free ingress and egress of the lots for the purpose of removing such improvements. Such additional reference to the judgment as may be necessary will be made in this opinion. From this judgment plaintiffs have appealed.

Appellants present twenty-one points of error on which they rely for a reversal of the judgment entered by the trial court. We will not consider all of these points separately. Some of them are grouped in the briefs. In the interest of brevity we will consider those that refer to the same general grounds jointly.

■ By their first point the appellants claim the trial court erred in refusing their prayer for judgment to the title and possession of Lots 32 and 33 in City Block No. 2640, San Antonio, Texas.

We are of the opinion that this point should be sustained. While this suit began as one for the title to such lots, the controversy was one over the ownership of the improvements situated on the lots. The pleadings of all the defendants are to the effect that the improvements, consisting of a four-room frame house, were erected by defendants on plaintiffs' lots by mistake. The testimony of defendant Mrs. Guadalupe Garcia and her attorney is to the effect that these improvements were not on her lots and that they tried to get plaintiffs to exchange the lots for Lots 30 and 31 in the same block, or pay her for the improvements that she had by mistake erected thereon. The answers filed by defendants in this cause do not claim title to Lots Nos. 32 and 33 in Block 2640, but they limit their claim to an assertion of ownership of, or the right to fix a lien on the improvements. The defendants never disputed plaintiffs' ownership of Lots 32 and 33. The pleadings and evidence presented by the defendants amount to a disclaimer by them of any title to the lots. Rule 801, Texas Rules of Civil Procedure; Henderson v. Hall, Tex.Civ.App., 174 S.W.2d 985.

■ We will next consider appellants' points numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12. By these points the appellants claim the trial court erred in rendering judgment in favor of appellees for the improvements placed on appellants' property on a finding that appellees acted in good faith and under mistaken belief and without negligence in constructing the improvements on plaintiffs' lots.

We do not believe there is any merit in either of these points. This suit, in its final analysis, resulted in a claim by the defendants for equitable relief against plaintiffs for improvements placed on plaintiffs' land. Defendants alleged they had innocently, in good faith believing they were erecting the house on their lots, by mistake placed the same on plaintiffs' lots. The evidence established that defendants owned Lots Nos. 30 and 31 in City Block No. 2640; that such lots joined Lots Nos. 32 and 33 in the same block, and that all of such lots were similar in size and appearance. The trial

court in his judgment made the following findings of fact:

"That defendants, acting in good faith and under honest but mistaken belief and without negligence of any kind, constructed the improvements involved consisting of a five-room frame house and any and all plumbing, fixtures and appurtenances thereto on Lots thirty-two (32) and thirty-three (33), Block Twelve (12), New City Block 2640, lying and being situated within the corporate limits of the City of San Antonio, Bexar County, Texas, according to the plat recorded in Volume 642, Page 346, Deed and Plat records of Bexar County, Texas, and defendants' mistake resulted from the fact that defendant Guadalupe Garcia was at all times material hereto the owner of Lots thirty (30) and thirty-one (31), Block twelve (12), New City Block 2640, lying and being situated within the corporate limits of the City of San Antonio, Bexar County, Texas, according to said above described plat in said Volume 642, Page 346, which are situated immediately adjacent to said Lots thirty-two (32) and thirty-three (33) of said addition, and the court further finds as a matter of fact and of law that said lots thirty (30) and thirty-one (31) and said lots thirty-two (32) and thirty-three (33) are of a similar and almost identical appearance and none of the same prior to the time of the erection of the improvements involved in this suit, had any distinguishing landmark or characteristics which would have enabled a person of ordinary prudence situated as was the defendant Guadalupe Garcia, to have distinguished the lots from each other, and that said improvements had been completed and that upon the discovery of same defendants promptly notified plaintiffs of the same and offered to exchange said Lots thirty (30) and thirty-one (31) for said Lots thirty-two (32) and thirty-three (33), and to pay any reasonable bonus for the exchange or to purchase said Lots thirty-two (32) and thirty-three (33) from plaintiffs for any reasonable price, and in general to do equity to plaintiffs in the matter, all of which offers and overtures of defendant Garcia, plaintiffs refused and rejected, and thereupon defendant Garcia requested

leave of plaintiffs to remove said improvements from said Lots thirty-two (32) and thirty-three (33) to which plaintiffs also objected and instituted this suit to restrain and enjoin."

■ The evidence supports the findings made by the judge who was the trier of the facts. The judgment entered in this cause granting the defendant the right to remove the improvements is not based on any statute authorizing such relief but is based on equity. In Murphy et al. v. Benson, Tex.Civ.App., 254 S.W. 249, 254, in which a writ of error was refused by our Supreme Court, it is said: "We prefer to follow the authorities which hold that relief will be granted in equity to a party making improvements in good faith, by mistake, upon the land of another, either in suit of trespass to try title, or in an independent action for the purpose, or in defense of a suit for removing the improvements." As further authority see Van Zandt v. Brantley, 16 Tex.Civ.App. 420, 42 S.W. 617, in which writ of error was denied, and cases there cited; also Pomeroy v. Pearce, Tex. Com.App., 2 S.W.2d 431; Tex.Jur.Vol. 23, § 9, p. 382.

Appellants' points 2 to 12, inclusive, are overruled.

■ By Point 13 appellants claim the trial court erred in admitting the deed offered by appellees in which Lots 30 and 31 of City Block 2640, were conveyed to Guadalupe Garcia. This deed no doubt was offered to show that appellee Garcia owned the adjoining lots in the same block, and to show she in good faith intended to place the improvements on her lots instead of the plaintiffs' lots. We believe such deed was properly admitted in an equitable trial such as this, however, if such deed was improperly admitted the error in admitting it was harmless. Mrs. Chavez, upon examination by appellants, testified Lots 30 and 31 were "sold to Mrs. Guadalupe G. Garcia whom I know personally." Mrs. Garcia also testified to her ownership of such lots. Point 13 is overruled.

■ By Point 14, appellants contend that the trial court erred in rendering a judgment when there was no pleading to support such judgment. The record shows that the original transcript did not contain certain pleadings presented in the trial court. A motion was filed in this Court on June 14, 1950, by appellees requesting leave to file supplemental transcript. This motion was granted and a supplemental transcript was filed containing such pleadings and the pleadings are sufficient to sustain the judgment of the court. Point 14 is overruled.

■ By Points 15 to 21, inclusive, appellants contend the trial court erred in rendering judgment (1) That appellees have title to the improvements; (2) that appellants be enjoined from harming or removing the improvements; (3) that appellees be permitted to go on appellants' lots and remove the improvements; (4) that appellants vacate their lots to permit appellees to remove the improvements; (5) in impressing a lien on appellants' lots until the improvements are removed; and (6) in decreeing that the deed of trust executed by Guadalupe Garcia in the sum of $2,800.00 on Lots 30 and 31, in favor of Louis A. Hartung should constitute a first and prior lien on appellants' Lots 32 and 33.

The evidence in this case shows that Louis A. Hartung advanced $2,800.00, secured by note and deed of trust, for the purpose of erecting the frame house; and that the improvements placed on Lots 32 and 33 by mistake enhanced the value of such lots to the extent of $3,800.00. The trial court made findings recited in the judgment which support the judgment of the court. We have held in this opinion that the evidence supports the court's finding that the improvements were placed on appellants' lots by mistake in good faith, and that the trial court did not err in awarding the appellees the title and right to the improvements. Those parts of the judgment of the court complained of in Points 15 to 21, inclusive, as we understand them, only attempt to decree to the parties their rights and equities in the improvements and protect them in the removal of such improvements. We believe the trial court under its equity powers was justified in

making such orders as might in its judgment and discretion be necessary to carry out and enforce its decree. American Jurisprudence Vol. 19, p. 151, § 163, same, p. 126, § 127; American Jurisprudence Vol. 27, p. 279, § 26, same p. 282, § 30; Texas Juris. Vol. 23, § 9, and cases cited thereunder. Appellants' Points 15 to 21, inclusive, are overruled.

We do not believe the error of the trial court in refusing appellants' prayer for judgment to the title and possession of Lots 32 and 33 in City Block 2640, requires a reversal of this cause. The judgment of the trial court is amended to award the title and possession of such lots to appellants, subject to the rights of the appellees to remove the improvements thereon and all other rights and privileges granted or awarded in such decree, and as so amended the judgment of the trial court is affirmed. Costs are adjudged against appellants.

Amended and affirmed.