Lela SANDERS, Appellant,

v.

Henry B. TAYLOR, Appellee.

No. 17430.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 5, 1973.

Rehearing Denied Nov. 9, 1973.

George Hopkins, Denton, for appellant.

Minor & Knight, and T. Miller Davidge, Jr., Denton, for appellee.

## OPINION

LANGDON, Justice.

This is a Trespass to Try Title suit involving specific lots and blocks of the original Town of Justin, Texas. It was tried before the court without the intervention of a jury and judgment was rendered for the plaintiff. Defendant's appeal from such judgment is based upon six points of error. Neither of the parties to this case rely upon any record title or deed of any nature.

In her brief the appellant asserts that the first, second, fourth, fifth and sixth points represent an attack on the court's judgment based upon the failure of the appellee to offer sufficient evidence to support such judgment. We have carefully reviewed each of these points in the light of the entire record and overrule each of them. We do so because the points are for the most part very vague and indefinite. The thrust of the discussion and the argument under these points is to the effect that testimony under the ten year statute of limitations will not support the judgment. The record clearly demonstrates that the court's judgment is based upon the doctrine of prior possession.

Appellant's third point does attack the judgment based upon prior possession. By such point she contends that the appellee failed to meet the requirements to establish title under the doctrine of prior possession.

Volume 56 of Tex.Jur.2d at page 93, § 18, and page 100, § 22, describes the elements necessary to support a recovery in trespass to try title based on prior possession. See these references and the authorities therein cited.

We find and hold that there is sufficient evidence in the record before this Court to support the judgment on the basis of prior possession.

In affirming the judgment as we do we can see no necessity in describing and setting forth the evidence in any detail.

The judgment of the trial court as to a portion of the property here involved is in our opinion further supported by a disclaimer filed by the appellant.

In this connection the record reveals that the judgment of the trial court in this cause awarded to the appellee herein the following property of the original Town of Justin, Denton County, Texas: lots 18 through 20 in Block 40, lots 19 and 20 in Block 41, lots 1 through 4, 9 through 12 in Block 45 and lots 1 and 2, 10 through 12 in Block 53.

The record further reveals that the appellant in her original answer to the Trespass to Try Title suit filed a disclaimer as to certain designated lots including lots 19

and 20 in Block 41 and lots 1 through 4 and 9 through 12 in Block 53. In her first amended original answer she disclaimed as to lots 19 and 20 in Block 41 and lots 5, 6, 7 and 8 in Block 45 and in the same amended answer claimed all of Block 53.

In the case of Scanlan v. Hitchler, 19 Tex.Civ.App. 689, 48 S.W. 762 (1898, no writ hist.) it was said that: "A disclaimer is a solemn declaration, made in court, that the declarant has not title to either the whole or to a portion of the property in litigation, and it is, in effect, an admission that the adverse party has a right to the property; and when once made, we understand, a disclaimer cannot be retracted or withdrawn except upon permission of the court."

Volume 56 Tex.Jur.2d 213, § 97, states in part that, "A disclaimer is customarily employed in an action of trespass to try title and is deemed to be a proper proceeding. It is neither an answer nor a defensive plea. It is an admission by the defendant of the claim of right or title of the plaintiff and a denial that the defendant asserts any right to or ownership of the property involved in the litigation. Apparently the court has discretionary power to allow or to refuse the filing of a disclaimer at any stage of the proceedings. . . . Once a disclaimer has been made, it cannot be retracted or withdrawn except on permission of the court."

The same text at page 214, § 98, states in part that, "The disclaimer may be limited to only a part of the land described in plaintiff's petition, . . . . Where the defendant claims only part of the premises, the answer is equivalent to a disclaimer of the balance. This means that where a party answers that he owns a part of the land, and does not indicate that he claims any except that part, it is to be construed as a disclaimer of the balance of the land sued for. . . . There is no issue between the parties as to the part of the premises that the defendant has disclaimed. The issue as to the part that he has claimed under his plea of not guilty is not affected by the disclaimer of the remainder of the tract. . . . "

The same text at page 215, § 99, states that the, ". . . plaintiff is entitled, without the introduction of evidence, to a judgment for title and possession as to all land put in issue by his petition as to which the defendant disclaims title. . . . The defendant is bound by a judgment that is entered by virtue of his disclaimer as absolutely as if he had contested the plaintiff's claim of ownership."

■ This record contains no suggestion that the appellant was granted permission by the court to retract or withdraw her disclaimer as to the lots in Block 53. Reference is made to the entire text of the above cited paragraphs of Tex.Jur.2d and to the authorities cited thereunder.

It is the opinion of the Court that appellee's motion to dismiss the appeal filed in this cause is without merit and is hereby overruled.

All points of error having been overruled the judgment of the trial court is in all things affirmed.