Pete J. CLARADY et ux., Appellants,

v.

Joe H. BONIN et ux., Appellees.

No. 8406.

Court of Civil Appeals of Texas, Beaumont.

Feb. 28, 1980.

Rehearing Denied March 27, 1980.

Fred A. Collins, Darryl Fanelli, Houston, for appellants.

Robert F. Atkins, Coldspring, for appellees.

CLAYTON, Justice.

Appellants, Pete J. Clarady and wife, Norma L. Clarady (Clarady), as plaintiffs below, filed this suit in trespass to try title against Joe H. Bonin and wife, Evelyn M. Bonin (Bonin), appellees, for title and possession to Lots 316 and 317, Block 38, Section 4 in Holiday Shores Subdivision 3, in San Jacinto County, Texas. They also sought removal of a house built thereon, or in the alternative, for damages. Bonin answered by a plea of not guilty, general denial and sought to recover for the "enhanced value of plaintiffs' lots due to such building." Trial was to a jury, and, at the conclusion of plaintiffs' evidence, the trial court granted an instructed verdict against them and entered a take nothing judgment. From this judgment Clarady has appealed.

Clarady complains of the instructed verdict for the reason they proved their title and in and to the two lots in controversy. They sought to prove that they had superior title from a common source. To prove a prima facie case of common source, plaintiffs must connect their title by a complete chain of title with the title of the common source, connect defendants' title by complete chain of title to the same source, and prove that plaintiffs' title is superior to one defendants derived from the common source. *Jones v. Mid-State Homes, Inc.*, 163 Tex. 229, 356 S.W.2d 923, 924 (1962); *Adamson v. Doornbos*, 587 S.W.2d 445 (Tex. Civ.App.-Beaumont 1979, no writ); *Best Investment Co. v. Hernandez*, 479 S.W.2d 759, 762 (Tex.Civ.App.-Dallas 1972, writ ref'd n. r. e.). In their attempt to connect Bonin's chain of title to the common source, which was Lake Livingston Properties, Clarady introduced in evidence Bonin's deed from Lake Livingston Properties to Lot No. 318. To prove common source, the title emanating therefrom to Bonin must be title in and to the same land claimed by Clarady. Clarady claimed and sought title to Lots 316 and 317. Bonin's deed was to Lot 318. This does not prove a chain of title from Bonin to the land claimed by Clarady and, therefore, does not meet the requirements of the common source rule. Clarady did not prove up their title from a common source and did not attempt to prove title from the sovereignty of the soil. However, this point is not dispositive of this appeal for the reasons hereinafter given.

The record before us reflects Clarady purchased Lots 316 and 317 from Lake Livingston Properties. Subsequently, Bonin purchased Lot 318 from the same Lake Livingston Properties. Bonin constructed a home upon what he believed to be Lot 318. It is undisputed that the home, with the exception of a portion of a covered porch, was built upon Bonin's Lot 317. No portion of the home was built upon Lot 316.

Bonin's answer to Clarady's petition was that they (Bonin) did not enter upon Lots 316 and 317 "but instead entered upon and built a house upon Lot No. 318 . . . being the property purchased by these defendants from Lake Livingston Properties, Inc." Bonin further answered that "if they did in fact go upon Lots 316 and 317 . . . such entry and the placing of improvements upon said lots [were] done with the belief by these defendants that they were the owners of that portion of said lots that they entered upon and built a home upon, and

that these defendants were acting in good faith when such entry was made and such improvements were placed upon the property, and were not negligent in placing the improvements upon Lots 316 and 317 . . but such entry and the placing of improvements upon Lots 316 and 317 [were] done with the honest but mistaken belief that they were in fact the owners of such property." Bonin then alleges a lengthy recitation of facts showing why they believed the house was built upon their Lot 318.

Bonin testified that he did not own Lots 316 or 317, but that the house was built on Lot 317. He testified further that he was "not claiming any title or interest to Lots 316 and 317." His only claim was "where my house is." Based upon the pleadings and the evidence, this claim was made only by virtue of the fact that the house was built there through a mistaken belief it was built upon his Lot 318. Bonin further recognized title to Lot 317 as being in Clarady by his pleadings which state: ": . . these defendants would show that their *c ontractor called plaintiffs herein who were purchasing the adjacent lot, No. 317, and asked permission to extend the bulkhead along the water's edge of some twenty feet along Lot 317, and was given permission by plaintiffs to do so."

Bonin prayed that "plaintiffs be ordered to pay these defendants the sum of [$35,-000] which is the enhanced value of plaintiffs' lots due to such building, or . . . defendants be permitted to purchase that portion of said lots that the improvements are on at a fair market value of the land. . . ."

Bonin's pleadings and evidence clearly show he asserts no title or claim to title to Lots 316 and 317, his only claim being for the right of reimbursement for the enhanced value to Clarady's land resulting from the improvements constructed thereon through the mistake made by Bonin. Such pleadings and evidence constitute a disclaimer by Bonin of title to Lots 316 and 317. See *Salazar v. Garcia*, 232 S.W.2d 685 (Tex.Civ.App.-San Antonio 1950, writ ref'd). A plaintiff is entitled, without the introduction of evidence to his title, to a judgment against the defendant for the title and possession as to all land put in issue by plaintiff's petition as to which the defendant disclaims title. *Williams v. Humble Oil & Refining Co.*, 139 S.W.2d 346 (Tex.Civ.App.-El Paso 1940, writ dism'd jdgmt. cor.); *Investors' Utility Corporation v. Challacombe*, 39 S.W.2d 175 (Tex.Civ. App.-Waco 1931, no writ); *Smith v. Wood*, 229 S.W. 583 (Tex.Civ.App.-Texarkana 1921, no writ); *Canales v. Clopton*, 145 S.W.2d 933 (Tex.Civ.App.-San Antonio 1940, no writ). When such disclaimer is made, it is fundamental error not to render judgment for the plaintiff for the land. *Williams v. Humble Oil & Refining Co.*, supra; *Investors' Utility Corporation v. Challacombe*, supra.

The judgment of the trial court is reversed, and we now render judgment that title in and to the premises involved herein, Lots 316 and 317, Block 38, Section 4 in Holiday Shores Subdivision 3, in San Jacinto County, Texas, is hereby decreed to be in appellants. This cause is reversed and remanded for trial as to appellants' cause of action for damages, and as to appellees' claim for enhanced value of the land as plead and prayed for.

REVERSED and RENDERED in part; REVERSED and REMANDED in part.