**FRED RIZK CONSTRUCTION COMPANY, Appellant,**

v.

**COUSINS MORTGAGE & EQUITY INVESTMENTS, Appellee.**

No. 18018.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 3, 1981.

Rehearing Denied Jan. 7, 1982.

Carl, Lee & Fisher, Robert Fisher, Sugar Land, for appellant.

Hutcheson & Grundy, Charles R. Gregg, Houston, for appellee.

Before SMITH, BASS and STILLEY, JJ.

SMITH, Justice.

This is a suit to remove a cloud from the title to real property. The trial court rendered judgment for the appellee on its cross-action. We affirm.

The appellant asserts two points of error: (1) the trial court erred in holding that the abstract of judgment was legally sufficient because the abstract did not include the birthdate and driver's license number of the judgment debtor, as required by Art. 5447, V.A.C.S. and (2) the trial court erred in not finding that a trust existed, as a matter of law, that E. Mitchell Smith, Jr. held in trust a twenty per cent equitable interest to the subject property for Graydon Dunlap.

In a prior suit, on February 26, 1979, appellee secured a summary judgment against E. Mitchell Smith, Jr. Appellee obtained an abstract of judgment from the district clerk dated March 1, and on March 2, the abstract of judgment was filed with the county clerk.

On March 2, 1979, E. Mitchell Smith, Jr. trustee, executed a deed to the appellant and delivered it into escrow pending disbursement of purchase money. The purchase money was disbursed and the deed was filed with the county clerk on March 6, 1979. The abstract of judgment in appellee's suit was duly indexed and recorded prior to the time the appellant's deed was filed.

The appellant and appellee were unaware of the above described actions of each other, and none of such facts are contested.

The appellant first contends that the trial court committed error when it held that the abstract of judgment was legally sufficient because the abstract did not contain the birthdate and driver's license of E. Mitchell Smith, Jr.

Tex.Civ.Stat.Art. 5447 sets forth the information that should be contained in an abstract of judgment.

Article 5447. Abstract of judgments

Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his

hand and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing;

(1) The names of the plaintiff and of the defendant in such judgment;

(2) The birthdate and driver's license number of the defendant, *if available to the clerk of the court*; (emphasis added)

(3) The number of the suit in which the judgment was rendered;

(4) Defendant's address if shown in the suit in which judgment is rendered, and if not, the nature of citation and the date and place citation is served;

(5) The date when such judgment was rendered;

(6) The amount for which the judgment was rendered and balance due thereon; and

(7) The rate of interest specified in the judgment.

Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand.

Appellant states that its point of error, "... is based entirely upon the absence of the judgment debtor's birthdate and driver's license separate number from the abstract of judgment." The appellant concedes, in its brief, that if appellee complied with requirements of Article 5447 as amended in 1971, the filing and subsequent indexing and recording of the abstract of judgment created a statutory lien on all real estate in Harris County owned by Smith.

Section (2) was added to Article 5447 by the 1971 Legislature of the State of Texas. There appears to be no prior case authority construing this section. It therefore becomes encumbent on the court to determine the intent of the legislature in adding § (2) to Article 5447.

The Texas Legislature, anticipating that there might be differences in opinion on laws that have been enacted by the Legislature, has set forth general rules on the construction of such laws. These rules are set forth in Title 1, Article 10 of the Civil Statutes of the State of Texas. The relevant and material portions of Article 10 applicable to this case are as follows:

Article 10. General Rules

The following rules shall govern in the construction of all civil statutory enactments:

1. The ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts and such art or trade, with reference to such subject.

6. In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy.

Prior case law also gives us certain guidelines which should be applied in the construction of civil statutes. In *McGlothlin v. Coody*, 59 S.W.2d 819, (Tex.Com.App.1933, holding approved) the court held that strict compliance with a judgment lien statute is mandatory. It further held that every requirement of the statute must be followed in order that a lien be established; and since the statute does not empower the creditor to create a lien in any other manner, the creditor must comply with all requirements of the statute. In *Jones v. State*, 610 S.W.2d 535 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), this court stated, that "a statute must be construed as written ... and the plain meaning rule dictates a court to enforce a statute as written." In *Nassau Bay v. Winograd*, 582 S.W.2d 505 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), this court held that in determining the meaning of the language of a statute, the words should be given their plain, ordinary meaning. It further held that the intention of the legislature in enacting a statute must be determined from the language of the statute as therein set out, and the courts must not look elsewhere than to the language of the statute to ascertain its intent.

Appellant asserts that to hold that provision (2) is an optional requirement would

deprive the provision of a consistent meaning, and that to do so would presume that the legislature had engaged in a futile act by including new information in a separate numbered paragraph. The appellant further asserts that the information to satisfy the requirements of provision (2) was available to the appellee, since the judgment creditor did have and has had a driver's license and could have been easily deposed.

We do not concur with appellant's construction of the statute. The dictionary definition of the word "if" is: "on condition that; in case that; provided that." The dictionary definition of the word "available" is: "at one's reach or disposal; that can be used, had, got." Applying these definitions to the last phrase of § (2), we are of the opinion that it was the legislative intent that the birthdate and driver's license number of the defendant should be included in the abstract of judgment on the condition that such information was within the reach of the clerk of the court.

In the instant case a deputy of the district clerk's office of Harris County, whose regular duties were to type abstract of judgments, testified that the birthdate and driver's license number of the defendant were routinely placed upon the abstract of judgment when such information was contained within the records of the court. We construe the phrase "if available to the clerk of the court" to mean reasonably available to the clerk of the court. We see no wording in § (2) that indicates that it was the legislature's intent to require the clerk of the court or the judgment creditor to take the deposition of the judgment debtor to obtain a birthdate and driver's license number from the judgment debtor. The legislature could have made such information mandatory, but it did not. It is not our prerogative to speculate why such information was not required to be mandatory, but we are aware that many valid judgments could not be properly abstracted if such information was made mandatory.

We also find no wording in § (2) that makes it mandatory for the clerk of the court to type on the face of the abstract of judgment that the birthdate and driver's license are not available to the clerk. Appellant urges that such a statement is mandatory and cites as authority a 1971 Attorney General's opinion No. M–1000. That opinion in pertinent part states: ". . ., if such information (birthdate and driver's license number) is not reasonably available, then the abstract of judgment should so recite."

We respectfully disagree with that portion of the opinion quoted above, and we hold that § (2) of Article 5447 does not require a clerk of a court to include on the face of an abstract of judgment, that the birthdate and driver's license number of a judgment debtor is not available to the clerk, when such information is not available to the clerk's office.

The appellant states in its brief that there is "no question that the judgment debtor is identified in the abstract sufficiently well to place a subsequent purchaser on inquiry before dealing with him." The object of Article 5447 is to put subsequent purchasers or encumbrancers on notice of a lien attached to real property. *Citizens State Bank v. Del-Tex Investment Co.*, 123 S.W.2d 450 (Tex.Civ.App.—San Antonio 1938, writ dism'd judgment correct). In this case, the record is such that it would disclose the existence of the lien, and we hold that the object of the statute is served and the intent of the legislature fulfilled. The appellant's first point of error is overruled.

In its second point of error the appellant claims that a portion of the property that it purchased from Smith was held by Smith as trustee for Graydon Dunlap, and that Dunlap has a twenty per cent equitable interest in the property. As documentary evidence, in support of its contention that a trust existed as to the real estate, the appellant offered the deed by which Smith acquired title to the real estate as trustee; a letter signed by Smith, which was offered for the limited purpose of showing that there was a written acknowledgment by Smith of the equitable ownership interest of Dunlap;

and ratification deed executed by Smith and Dunlap, reciting that the two grantors are "the sole beneficial owners of (the real estate)."

Texas Civil Statute Article 7425b–7 sets forth the requirements of express trusts in relation to real property trusts:

Provided, however, that a trust in relation to or consisting of real property shall be invalid, unless created, established, or declared:

(1) By an instrument subscribed by the trustor or his agent thereinto duly authorized by writing;

(2) By any other instrument under which the trustee claims the estate effected.

Smith and Dunlap testified that they had not executed a trust agreement; thus, if there is a trust, it must be found within the contents of the three instruments referred to by the appellant.

The first instrument relied upon by the appellant is a deed into E. Mitchell Smith, Jr., trustee dated the 21st day of December, 1977. There is no reference in the deed to a trust other than the use of the word "trustee." The second instrument relied upon by the appellant to show the existence of a trust was a letter dated February 1, 1979, from Dunlap to Smith. This letter was offered for the limited purpose of showing that there was a written acknowlegment by Smith of the beneficial interest owned by Dunlap. The third instrument relied upon ‚by the appellant was a ratification deed by Smith and Dunlap to the appellant dated the 2nd day of March 1979. There is no reference to a trust in this third instrument other than that the instrument was executed by E. Mitchell Smith, Jr., trustee.

 There is no particular form or words required to create a trust, if there is reasonable certainty as to property, object and beneficiary. *Kurtz v. Robinson*, 279 S.W.2d 949 (Tex.Civ.App.—Amarillo 1955, writ ref'd n.r.e.). We can find no clear intent to create a trust by Smith and Dunlap. To the contrary, the parties denied the existence of a trust agreement and neither.

has testified in this case that it was their intent to create a trust. The instruments relied upon by the appellant do not contain all the essential elements required to create a trust, or that there was a certain beneficiary. Two of the instruments relied upon by the appellant reflect that Dunlap claimed a beneficial interest in the property involved in this suit, and two of the instruments reflect that Smith held the property in question in his name as trustee. The use of the word "trustee" in a deed, in and of itself, does not create a trust, it is merely a description and of no legal effect. *Spiritas v. Robinowitz*, 544 S.W.2d 710 (Tex.Civ.App. —Dallas 1976, writ ref'd n.r.e.).

The evidence in this case reveals that Smith and Dunlap had been involved in numerous business transactions in various capacities. It further reveals that at no time had these men entered into a trust agreement or that they had expressed an intent to create a trust. The mere use of the word "trustee" in a deed, in and of itself, does not create a trust, and there is insufficient evidence in this case to hold that a trust was created. The appellant's second point of error is overruled and the judgment of the trial court is affirmed.