**J. Harold JORDAN, Successor Trustee, L.W. Sewell and Hunt Graham, Appellants,**

v.

**EXXON CORPORATION, Appellee.**

No. 6–90–033–CV.

Court of Appeals of Texas, Texarkana.

Jan. 15, 1991.

Willis Jarrel, Goodwin, Jarrel & Britain, Tyler, for appellants.

Bill Blanton, Thomas Cotter, Exxon Corp., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

■ This appeal arises from a declaratory judgment action in an oil and gas case related to ownership of certain mineral rights in a tract of land in Gregg County. A central issue is whether a valid trust was created by a deed conveying a mineral interest to "Sam F. Jordan, Trustee," absent any other evidence showing the existence of a trust. We conclude that no trust was created. However, we further conclude that because of the disclaimer of any interest filed by the First RepublicBank Fort Worth, N.A., a defendant in the trial of this cause, the appellants, J. Harold Jordan, L.W. Sewell and Hunt Graham, are entitled to a judgment declaring their ownership of the minerals in question as against the First RepublicBank.

J. Harold Jordan, Sewell and Graham sought a declaratory judgment establishing their ownership of an interest in certain minerals. They had claimed an interest, based upon a 1955 conveyance from Sam F. Jordan and Carl Bruce, of 3/16 of a 7/8 working interest in the minerals on a tract of land in Gregg County. The interest was conveyed to "Sam F. Jordan, Trustee." Receipt of consideration was acknowledged. A Fort Worth bank, the predecessor in interest to First Republic Bank, later obtained a judgment lien against Jordan's property and purchased the mineral interest at a sheriff's sale in 1967. Subsequently, the bank leased its mineral interest to Exxon Corporation. At trial, the bank disclaimed any interest in the ownership of the minerals. After presentation of evidence, the trial court granted Exxon's motion for instructed verdict, declaring that Jordan, Sewell and Graham had no interest in the minerals.

Exxon, pursuant to its lease, had been producing gas from a well on the land. Graham, who also held an interest in the

minerals, learned that although the bank's lien had been against property owned by Sam F. Jordan, the property sold under foreclosure had been owned by "Sam F. Jordan, Trustee." Thereafter, Graham or someone working for him approached J. Harold Jordan, son of Sam F. Jordan, then deceased, and suggested that Jordan take action to be appointed successor trustee so that Graham could obtain an oil and gas lease from him. In order to become successor trustee, Jordan filed suit against his mother and siblings. The suit was uncontested, and Jordan was appointed successor trustee on April 10, 1986. The next day he executed an oil and gas lease to Graham. In his petition for appointment, Jordan asserted that Sam F. Jordan, his father, had died in Gregg County in 1973 without having executed or recorded a formal document identifying the beneficiaries of the trust, the terms of the trust, or providing for the appointment of a successor trustee of the trust. At the trial of the case now on appeal, Jordan testified that he did not know who the trust beneficiaries were, what the duties of his deceased father were, who the predecessor trustee was, or any of his own duties as successor trustee. Graham assigned half of his interest to Sewell before they, joined by Jordan, brought this suit.

We now consider whether the trial court erred in failing to award the mineral and leasehold interest to Jordan, Graham and Sewell on the basis that they proved that a trust was created. A trust concerning real property is invalid unless it is created by a written instrument. Texas Trust Code (Tex.Prop.Code Ann. §§ 111.001–123.005 (Vernon 1984 & Supp.1991)). Jordan testified that the trust was not created by a written instrument and that his father, Sam F. Jordan, died without having executed or recorded a formal document identifying the beneficiaries of the trust, the terms of the trust, or making provisions for the appointment of a successor trustee of the trust. The only reference to his father having established a trust was the reference in the deed from Carl Bruce and his father conveying the mineral interest to "Sam F. Jordan, Trustee."

The only mention of a trust in the conveyance of the mineral interest is the word "Trustee" after Sam F. Jordan's name. The mere designation of a party as "trustee" does not create a trust. *Nolana Development Ass'n v. Corsi*, 682 S.W.2d 246, 249 (Tex.1984); *Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex.Civ.App.–Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Costello v. Hillcrest State Bank of University Park*, 380 S.W.2d 780, 782 (Tex.Civ.App.–Dallas 1964, no writ). No express trust was created.

Graham, Sewell and Jordan contend, however, that if they have failed to show the creation of an express trust, then Exxon owns only the Sam F. Jordan interest (3/32). The title to the other half of the mineral interest (3/32) remains in Carl Bruce, or his heirs, and the oil and gas lease that Sewell and Graham have from the heirs of Bruce is a valid and subsisting lease for the Bruce interest.

 Ordinarily, when a trust is created, the property held is not liable for personal obligations of the trustee. Tex. Prop.Code Ann. §§ 114.082, 114.0821 (Vernon Supp.1991). However, since no trust was created, these sections are inapplicable. The effect of declaring ownership in the heirs and successors of Bruce and Sam Jordan would be to give the property to persons who had already received consideration at the time of conveyance. Because the transfer was for a consideration presumably paid by Sam Jordan, he should be allowed to retain the interest if the trust should fail. *See* G. Bogert, The Law of Trusts and Trustees § 468, at 812 (rev. 2d ed. 1977). There would be no unjust enrichment. Bogert, *supra*. When the owner of property transfers it upon a trust which fails, and receives consideration from the transferee for the transfer as an agreed exchange, there is no resulting trust and the transferee holds the property free of any trust. *See* Restatement (Second) of Trusts § 423 (1959).

 A resulting trust is implied in law when someone other than the person in whose name title is taken pays the pur-

chase price, or when an express trust fails. *Nolana Development Ass'n v. Corsi*, 682 S.W.2d at 250. The trustee of a resulting trust, however, is generally responsible only for conveying the property to the beneficiary. *Id.* Because the intent to create a trust does not appear reasonably clear on the face of the conveyance to "Sam F. Jordan, Trustee," a trust by implication does not arise. *See Perfect Union Lodge No. 10 v. Interfirst Bank*, 748 S.W.2d 218, 220 (Tex.1988). We conclude that the trial court correctly held that the appellants failed to produce evidence sufficient to raise a fact issue concerning the existence of a trust, express or otherwise.

We now consider whether the bank's disclaimer entitled the appellants to any declaration of ownership. Because appellants failed to establish any interest in the minerals based upon the existence of a trust, title to the mineral interest, subject to Exxon's lease, remained in the bank. After answering with a general denial, however, the bank filed a formal disclaimer of any interest in the minerals which are the subject of this suit.[1]

In a suit involving a dispute over title to land, a disclaimer filed by a defendant entitles the plaintiff, without the need to introduce evidence, to a judgment against that defendant for all land in issue which has been so disclaimed. *Clarady v. Bonin*, 597 S.W.2d 445, 447 (Tex.Civ.App.–Beaumont 1980, writ ref'd n.r.e.); *Sanders v. Taylor*, 500 S.W.2d 684, 686 (Tex.Civ. App.–Fort Worth 1973, no writ); *Salazar v. Garcia*, 232 S.W.2d 685, 689 (Tex.Civ.App.–San Antonio 1950, writ ref'd); *see also* 2 R. McDonald, Texas Civil Practice in District and County Courts § 7.24.1 (rev.

1982); 61 Tex.Jur.3d *Quieting Title and Determining Adverse Claims* § 144 (1988).

The disclaimer rule is most often applied in trespass to try title actions, but it is not limited to actions explicitly pleaded as such. Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought. *Johnson v. Bryan*, 62 Tex. 623 (1884); *Grimes v. Hobson*, 46 Tex. 416 (1877); *Williamson v. Hall*, 203 S.W.2d 265, 265 (Tex.Civ.App.–Amarillo 1947, no writ); *Martin v. Martin*, 130 S.W.2d 863, 867 (Tex.Civ.App.–Dallas 1939, writ dism'd judgmt. cor.); *Lester v. Hutson*, 167 S.W. 321, 326 (Tex.Civ.App.–Amarillo 1914, writ dism'd); *see also* 61 Tex.Jur.3d *Quieting Title and Determining Adverse Claims* § 37 (1988).[2]

Appellants filed suit seeking a declaratory judgment pursuant to Tex.Civ. Prac. & Rem.Code Ann. §§ 37.001–37.011 (Vernon 1986 & Supp.1991). However, they specifically pleaded that they were the owners of the mineral interest involved, and they sought a declaration to that effect. They also prayed that the defendants' claims to the property be removed as clouds on their title. Both Exxon and the bank initially filed general denials, and Exxon even pleaded title by adverse possession. Thus, appellants' claims to the title were directly put in issue. This suit involves the ownership of land; therefore, we conclude that the disclaimer rule applies.

Exxon contends that the bank's disclaimer is ineffective because it does not specifically state that title is in the appellants and because appellants did not prove that the bank had any title it could dis-

1. The trial court accepted the disclaimer and noted in its judgment that the bank had "formally disclaimed all interest in and to such property."

2. The rule as to disclaimer has been applied in various types of suits. *Kennesaw Life & Accident Ins. Co. v. Goss*, 694 S.W.2d 115 (Tex.App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.) (declaratory judgment as to ownership of land); *Salazar v. Garcia*, 232 S.W.2d 685 (Tex.Civ.App.–San Antonio 1950, writ ref'd) (suit for declaratory judgment and injunction against trespass); *University Development Co. v. Wolf*, 93 S.W.2d 1187 (Tex.Civ.App.–San Antonio 1936, no writ) (suit on promissory note); *Nuckles v. J.M. Radford Grocery Co.*, 72 S.W.2d 652 (Tex.Civ.App.–Eastland 1934, no writ) (suit on note and to foreclose mortgage); *Hansen v. Holland*, 65 S.W.2d 510 (Tex.Civ.App.–Texarkana 1933, writ ref'd) (suit to cancel deed and remove cloud from title).

claim. Exxon relies on *Haltom v. McKinley*, 64 S.W.2d 1060, 1066 (Tex.Civ.App.–Texarkana 1933, writ dism'd), for the proposition that a disclaimer must specifically assert title in the plaintiff. That case is factually distinguishable. There, the disclaimer was ineffective because it was not absolute. It merely stated that the defendants had transferred title to the land to a third party who at that time owned it before suit was filed. The instrument was not a true disclaimer but only a suggestion of improper parties. Additionally, the statement in *Haltom* that the disclaimer must "absolutely and unqualifiedly" admit the plaintiff's title is dictum and is not supported by the authorities. We hereby expressly disapprove of that dictum contained in an earlier opinion of this Court. To be effective, a disclaimer need only assert that the defendant does not claim any title or interest in the land and does not assert any claim to it. *See* TEX.R.CIV.P. 801; *see also Claraday v. Bonin*, 597 S.W.2d at 447; *Sanders v. Taylor*, 500 S.W.2d at 686; *Henderson v. Hall*, 174 S.W.2d 985, 990 (Tex.Civ.App.–Galveston 1943, writ ref'd w.o.m.). A pleading or written certificate so stating is sufficient. Indeed, TEX.R.CIV.P. 801 provides that where the defendant in his pleadings *claims only part* of the premises in issue, the pleading shall constitute a disclaimer of the balance.

We further reject Exxon's contention that the bank was not shown to own the minerals. The undisputed evidence showed the bank to be the owner of the mineral interest in question. Thus, the bank's disclaimer which stated that the bank "claims no interest in the real property or minerals or royalties the subject matter of Plaintiffs' petition herein and ... disclaims all interest in and to such property" was effective to give appellants the fundamental right to a judgment for title to the interest shown to have been owned by the bank. The failure to award title in that situation is error. Moreover, since Exxon has never claimed title to the mineral fee, it has no standing to complain of a recovery by appellants of the mineral interest, subject to its lease.

The judgment is affirmed in part and reversed and rendered in part. Appellants take nothing against Exxon. Judgment is hereby rendered declaring that appellants own the fee title to the mineral interest in question, subject to Exxon's oil and gas lease covering the same.