Opinion issued April 1, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00165-CV




 MICHAEL T. DAVIS, AS ADMINISTRATOR FOR THE ESTATE OF KEN
D. DAVIS, Appellant

V.

WAYNE GAYER, Appellee




On Appeal from the 239th District Court
 Brazoria County, Texas
Trial Court Cause No. 20878*JG02




MEMORANDUM OPINION

          Wayne Gayer, appellee, filed a lawsuit in the trial court to quiet title to property
held in his name. Appellant, Michael T. Davis, as administrator for the estate of Ken
Davis, and E.J. Joe King, Sheriff of Brazoria County, Texas (collectively,
“defendants”), were attempting to sell Gayer’s property pursuant to a lien on the
property. The lien arose from the filing of a judgment that Ken Davis had previously
obtained against Jim Gibson, a former owner of the property in question. The trial
court found that Gayer owned the property free and clear of any liens obtained against
Gibson. Michael Davis


 now appeals the decision of the lower court. We determine
whether the trial court erred in its conclusion that Gayer owned the property free and
clear of any judgment liens filed against Gibson in his individual capacity. We
affirm.
Facts
          On March 12, 1993, Gibson, as trustee, took title to the tract of land at the
center of the controversy. Gibson acquired title to the lot by deed from Hugh T.
Echols. The deed conveyed the property to “Jim Gibson, Trustee for two (2) minor
children, James R. Gibson, II and Adrian L. Gibson.” In April 1994, Ken Davis,
Michael Davis’s decedent, took a judgment against Gibson individually. On July 14,
1994, the abstract of judgment was filed with the Brazoria County Clerk and recorded
in the official public records of real property of that county.


 Gibson, as trustee,
conveyed the property, and it was thereafter conveyed through mesne conveyances
to Gayer. On December 30, 2002, following a bench trial, the trial court quieted title
to the lot in Gayer, enjoined Michael Davis from causing or attempting sale of the lot
under execution pursuant to the judgment described in the abstract, and released
Gayer’s bond. Davis timely requested findings of fact and conclusions of law, which
were made and filed. Davis filed this appeal on February 21, 2003.Standard of Review
          When, as here, the trial court issues findings of fact and conclusions of law, we
review the findings of fact on legal and factual sufficiency grounds and review the
conclusions of law de novo, as a legal question. See BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002). Conclusions of law are reviewable
when attacked as a matter of law, but not on grounds of sufficiency of the evidence,
as if they were findings of fact. See Arthur M. Deck & Assocs. v. Crispin, 888 S.W.2d
56, 60 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Although we cannot
review the conclusions of law for factual insufficiency, we review the trial court’s
legal conclusions drawn from the facts to determine their correctness. Id.
 
Establishment of the Trust
          In issue one, appellant contends that the trial court erred in concluding, as a
matter of law, that Gayer owned the property free and clear of any judgment liens
filed against Jim Gibson.


 Appellant asserts that, because there was no proof of a
trust, Texas Property Code Section 101.002 does not insulate the property from the
judgment lien against Gibson individually.


 
          When a trust is created, the property held is not liable for the personal
obligations of the trustee. See Tex. Prop. Code Ann. § 114.0821 (Vernon 1995). 
No particular form or word is required to create a trust, as long as there is reasonable
certainty as to the intended property, object, and beneficiary. See Fred Rizk Const.
Co. v. Cousins Mortgage & Equity Inv., 627 S.W.2d 753, 757 (Tex. App.—Houston
[1st Dist.] 1981, writ ref’d n.r.e.). In this case, all deeds to the property involving Jim
Gibson clearly identify that they were executed in Gibson’s capacity as trustee for his
two minor children. Therefore, on the face of the deeds, the property involved, the
trustee, and the intended beneficiaries are clear. Although the object of the trust is
not expressly stated, if a trust is set up for minor children, it is reasonable to conclude
that the trust was intended for the general welfare of the children. See Barrientos v.
Nava, 94 S.W.3d 270, 282 (Tex. App.—Houston [14th Dist.] 2002, no pet.). 
          The trial court concluded that, “[w]hen a person designated as trustee in a
vesting deed conveys the real property, a subsequent purchaser of the property is not
required to offer evidence of the terms and conditions of the trust instrument
designating the trustee.” We note that there is a strong presumption in favor of the
correctness of a deed as written and executed. See Carson v. White, 456 S.W.2d 212,
215 (Tex. Civ. App.—San Antonio 1970, writ ref’d n.r.e.). This presumption controls
unless the party alleging that the deed does not express the truth overcomes the
presumption with clear, strong, and convincing evidence. See id.
          Appellant relies primarily upon authority asserting that the use of the term
“trustee” in a deed does not create a trust, but is merely a description and is of no
effect. See Nolana Dev. Ass’n v. Corsi, 682 S.W.2d 246, 249 (Tex. 1984); Jordan v.
Exxon Corp., 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ); Spiritas
v. Robinowitz, 544 S.W.2d 710, 715 (Tex. Civ. App.—Dallas 1976, writ. ref’d n.r.e.).
          In Nolana Development Association, the dispute involved the trustee named on
the deed and the beneficiaries. See id., 682 S.W.2d at 248. In that case, there was no
mention of Nolana, the beneficiary, in the deed. Id. In Jordan, the trustor died
without recording any formal document outlining beneficiaries, duties, or terms. See
id., 802 S.W.2d at 882. In Spiritas, the court invalidated the trust because the
document did not name a beneficiary; it merely designated one party as trustee. See
id., 544 S.W.2d at 715. The facts of the present case are distinguishable from those
in Nolana, Jordan, and Spiritas. Here, Hugh Echols expressly conveyed property by
deed to Gibson, as trustee for Gibson’s two minor children, and Gibson expressly
conveyed the property, as trustee for his children, to David Medford. Consequently,
the deeds in this case did not fail to identify the beneficiaries of the trust.
          Appellant cites Clark v. Wisdom, 403 S.W.2d 877 (Tex. Civ. App.—Corpus
Christi 1966, writ ref’d n.r.e.), for the proposition that, even if beneficiaries are
named in the document, that document does not necessarily establish a trust. In
Clark, the court asserted that, even if a trust was created, it was an equitable trust that
terminated at the death of the life tenant. Id. at 883. Clark is thus not controlling in
this case, which does not involve a life estate.
          Appellant also contends that the facts of the present case are so similar to those
in Rizk that the court’s decision in Rizk should control here. However, in Rizk, the
parties to the trust denied any intention to form a trust. See id., 627 S.W.2d at 757. 
There is no evidence in the case before us that either party to the trust denied its
existence. In fact, Kimberly Robison, Gibson’s former wife, testified that Gibson did
form a trust in his children’s name. Therefore, there was evidence other than the
recitation in the deed to support the formation of a trust. 
          The deeds of conveyance in appellee’s chain of title provided sufficient proof
of a valid trust to create a presumption that a trust was formed. See Carson, 456
S.W.2d at 215. Appellant has failed to overcome that presumption with clear, strong,
and convincing evidence. See id. The property is thus not subject to any judgment
lien against Gibson. Accordingly, we hold that the trial court did not err in
concluding that appellee owns the property free and clear of any and all judgment
liens filed against Jim Gibson in his individual capacity. We overrule appellant’s sole issue.Conclusion
          We affirm the judgment of the trial court.



Tim Taft
                                                            Justice
Panel consists of Justices Taft, Hanks, and Higley.